MITCHELL et al., Appellants,

v.

MITCHELL, Appellee.

[Cite as *Mitchell v. Mitchell* (1998), 126 Ohio App.3d 500.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16626.

Decided March 20, 1998.

---

*Richard L. Kaplan,* for appellants.

*Robert L. Mues,* for appellee.

FREDERICK N. YOUNG, Presiding Judge.

Appellants Melanie L. Mitchell (n.k.a. Colley) and Richard Kaplan appeal from a judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, imposing sanctions against them for frivolous conduct.

The appellants advance two assignments of error. First, they contend that the trial court erred by declaring frivolous Colley's motion for a change in child custody. Next, the appellants claim that the trial court erred when it found nothing in Ohio's frivolous-conduct statute requiring a motion for attorney fees to be in writing.

The present appeal stems from Colley's September 25, 1995 three-branch motion seeking an order naming her the residential parent of her three children. Appellant Richard Kaplan, an attorney, filed the motion on Colley's behalf. Shortly thereafter, appellee Jeffrey A. Mitchell filed his own eight-branch motion addressing a variety of issues. The parties subsequently placed an agreed entry in the record during a March 13, 1996 hearing on their motions. The agreed entry, which allowed the appellee to retain custody of the parties' children, resolved all other disputed issues except each party's request for attorney fees. The agreement expressly reserved the attorney fees issue for the court's consideration.

Thereafter, a magistrate held a June 6, 1996 hearing on the parties' requests for attorney fees. Following the hearing, the magistrate issued an August 23, 1996, decision and permanent order finding Colley's motion for a change in child custody frivolous under R.C. 2323.51. Specifically, the magistrate determined that Colley's motion violated R.C. 2323.51(A)(2)(b) because it was unwarranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law. Consequently, the magistrate ordered Colley and Kaplan each to pay $1,000 for the appellee's attorney fees. The trial court overruled objections to the magistrate's report and adopted it in full on May 20, 1997. Colley and Kaplan then filed a timely notice of appeal challenging the trial court's ruling. They advance the following two assignments of error:

I

"The court erred when it held that a motion for a change of custody, which was supported by facts and law, was frivolous conduct."

In their first assignment of error, the appellants contend that the trial court erred by finding Colley's motion unwarranted under existing law and, therefore, frivolous under R.C. 2323.51.

As the basis for her motion before the magistrate, Colley cited the appellee's failure to permit her in-person visitation with her children three times in September and October 1994. Additionally, she cited the appellee's repeated failure to allow her children to speak with her on the telephone. She also cited the appellee's failure to allow a seven-day visit in the summer of 1994 and his failure to advise her of the childrens' medical care or school activities. Finally, Colley alleged mental illness suffered by the appellee as a basis for her custody motion.

Finding these allegations insufficient to justify the filing of Colley's September 25, 1995 motion, the magistrate reasoned as follows:

"The court finds that based upon testimony, credibility and demeanor of the witnesses, that Melanie Colley and her Attorney Richard Kaplan filed a frivolous claim in this matter. The [expert] testimony of Attorney Stone is of great significance in this matter, in that he specifically stated that based upon a thorough review of Attorney Mues' case file, including Ms. Colley's answers to interrogatories and documents filed by her that he believes there was no basis for the motion for change of custody. He further stated that Attorney Kaplan should have advised his client of the same and indicated to her that a motion for a change of custody should not have been filed in this matter. The court finds that Attorney Stone's testimony is corroborated by the fact that Ms. Colley never scheduled her appointment with Dr. Cherry to have a psychological evaluation done in this matter and then subsequently requested a continuance because Dr. Cherry's evaluation had not been completed. Additionally, Attorney Kaplan made no formal discovery request in the court's file nor were there ever any motions to compel filed on behalf of Attorney Kaplan suggesting any problems with Attorney Mues' production of documents in this matter. Given these considerations, the court finds that Attorney Kaplan and Ms. Melanie Colley filed a frivolous claim under Ohio Revised Code Section 2323.51.

"* * *

" * * * As a result the court finds that Ms. Colley will be responsible for $1,000 of Mr. Mitchell's attorney fees. Furthermore, the court finds that Attorney Kaplan is culpable in that he was aware or should have been aware that the motion for a change of custody was a frivolous claim. Based upon the information that had been supplied to Attorney Kaplan by Ms. Colley he should have been aware that he was asserting a claim not warranted under existing law and that there was not a good faith argument for an extension, modification, or reversal of the existing law. As a result of Attorney Kaplan filing the frivolous matter, the court finds that he is responsible for $1,000 in attorney fees to Mr. Mitchell."

In its May 20, 1997 judgment adopting the magistrate's ruling, the trial court agreed, stating:

"While a movant and his or her counsel need not insure that they will prevail on their motion to avoid filing a frivolous claim, they do need to investigate and determine that their claims constitute a basis for the relief they seek under the statute and relevant case law. Plaintiff testified that she filed a change of custody motion mainly because she was denied visitation and was concerned about Defendant's psychological instabilities. Denial of visitation is a factor which a court should consider when determining the best interest of the child under section 3109.04(F)(1)(i). However, this is just one of the myriad of factors to be weighed *after* a movant demonstrates a change in circumstances. Plaintiff did not present a 'change in circumstances' argument which would open the door for the court to look at the best interest factors. Additionally, her claims regarding the willful denial of visitation were not totally supported by evidence presented at the hearing, and all instances of 'alleged instability' occurred prior to an agreed entry wherein Plaintiff granted Defendant sole custody, making them irrelevant. No interpretation of current law would support a change of custody based solely on the contentions of Plaintiff, and therefore the Court finds that her motion is 'not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law' and constitutes a frivolous claim under section 2323.51.

"Attorney Mark Stone appeared as an expert witness for Defendant at the attorney fee hearing. Counsel for both parties stipulated to Mr. Stone's qualifications as an expert in the area of domestic relations law. Attorney Stone testified that, after a review of Defendant's counsel's file, including Plaintiff's answers to interrogatories and documents filed by her, it was his opinion that there were insufficient facts to allow the filing of a motion for a change of custody." (Emphasis *sic*.)

After reviewing the record and relevant case law, we cannot agree with the magistrate's or the trial court's ruling. At the outset, we note that both the magistrate and the trial court erred by relying largely upon attorney Mark Stone's expert testimony to find Colley's motion "unwarranted under existing law" and, therefore, frivolous. Significantly, both the magistrate and the trial court deemed the motion frivolous under R.C. 2323.51(A)(2)(b) because it was not warranted under existing law and could not be supported by a good-faith argument for the extension, modification, or reversal of existing law. As this court recognized in *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 600 N.E.2d 309, however, whether an argument is warranted under existing law involves a question of law. *Id.* at 712, 600 N.E.2d at 312–313; see, also, *Tomb & Assoc. v. Wagner* (1992), 82 Ohio App.3d 363, 366, 612 N.E.2d 468,

470; *Mueller v. Vandalia* (Mar. 7, 1997), Montgomery App. No. 16158, unreported, 1997 WL 102013. Consequently, the magistrate and trial court should not have allowed expert testimony on the issue.[1] See *Sikorski v. Link Elec. & Safety Control Co.* (1997), 117 Ohio App.3d 822, 691 N.E.2d 749 (citing *Payne v. A.O. Smith Corp.* [S.D.Ohio 1985], 627 F.Supp. 226, 228–229, and noting that "expert testimony as to a matter of law is prohibited because it would require the court to 'abdicate its role as finder of law in this or any other case' ").

■ More important, however, the trial court erred by concluding that denial of visitation becomes a factor for the court's consideration *only after* the movant demonstrates some "change in circumstances." As we noted above, the trial court reasoned that visitation denial "is just one of a myriad of factors to be weighed *after* a movant demonstrates a change in circumstances." The court then noted that "Plaintiff did not present a 'change in circumstances' argument which would open the door for the court to look at the best interest factors."

Contrary to the trial court's assertion, in *Galluzzo v. Galluzzo* (Apr. 26, 1996), Champaign App. No. 95–CA–15, unreported, 1996 WL 200598, we recently stated: "It is well settled that a custodial parent's interference with visitation by a noncustodial parent *may be considered a 'change of circumstances'* which would allow for a modification of custody. See *Holm v. Smilowitz* (1992), 83 Ohio App.3d 757 [615 N.E.2d 1047] and the cases cited therein." (Emphasis added.) See, also, *Beekman v. Beekman* (1994), 96 Ohio App.3d 783, 792, 645 N.E.2d 1332, 1338 (Stephenson, J., concurring) (finding it "well settled that [visitation denial] is a factor to be considered as part of a change of circumstances allowing for custody modification").

■ Consequently, the trial court erred by concluding that Mitchell's alleged denial of visitation provided no basis in law for Colley to seek a change of custody. Regardless of Colley's failure to provide evidence supporting her allegations of Mitchell's mental illness, her allegations of denial of visitation, standing alone, provided a legal basis to support her motion. Furthermore, even though the trial court found her allegations of denial of visitation unconvincing, she did provide support for them. In particular, she testified and provided the magistrate with specific dates that Mitchell and the children had been away from his home when she arrived for visitation. She also identified a specific week that she unsuccessfully attempted to spend with the children over the summer. Finally, she provided the magistrate with phone records showing several one-

---

1. By contrast, the issue of whether a motion is frivolous under R.C. 2323.51(A)(2)(a) because it serves merely to harass or maliciously injure another party has been held to involve a question of fact. *Lable & Co. v. Flowers* (1995), 104 Ohio App.3d 227, 233, 661 N.E.2d 782, 785–786. Consequently, expert testimony could be appropriate under that branch of R.C. 2323.51.

minute phone calls to Mitchell's residence. She testified that the calls were short because someone at Mitchell's residence repeatedly hung up on her. Thus, regardless of whether the magistrate and the trial court found Colley's motion persuasive, we cannot agree that it lacked any basis in law or fact.

In opposition to this conclusion, the appellee notes that he provided the trial court with some explanation for his refusal to cooperate with Colley's visitation. He also correctly notes that denial of visitation does not require a change in custody in all cases. The issue, however, is not whether Colley's motion should have succeeded. Rather, the issue is whether its filing was warranted under existing law. In *Galluzzo, supra,* we recognized that denial of visitation may constitute a change of circumstances justifying custody modification. In the present case, Colley presented evidence that Mitchell had prevented her from visiting her children both in person and on the telephone. Although this evidence certainly did not necessitate a judgment in her favor, her filing was warranted under existing law. Accordingly, we sustain the appellants' first assignment of error.

## II

"The court erred when it held that there is no requirement that a motion for attorney fees pursuant to the frivolous conduct statute need comply with the requirement that the motion be written."

In this assignment of error, the appellants argue that the trial court erred by imposing sanctions for frivolous conduct against them notwithstanding the appellee's failure to file a written motion seeking the sanctions.

Given our resolution of the appellants' first assignment of error, however, we find this assignment of error moot. In light of our finding that the appellee was not entitled to attorney fees under R.C. 2323.51(A)(2)(b), we need not decide whether he was required to file a written motion requesting the fees. Accordingly, pursuant to App.R. 12(A)(1)(c), we decline to address this issue. Having sustained the appellants' first assignment of error, however, we reverse the portion of the trial court's May 20, 1997 judgment ordering the appellants to pay $1,000 each for the appellee's attorney fees.

The judgment is reversed, the bond of appellant is discharged, and the case is dismissed.

*Judgment reversed.*

BROGAN and GRADY, JJ., concur.