OPINION
Lori Wheeler appeals from a judgment approving its magistrate's decision and order removing her as residential custodial parent of the parties' two young sons — born 10-11-95 and 3-21-97 — in favor of the children's father, Joseph Wheeler. She assigns error as follows:
 1. WHETHER THE MAGISTRATE ERRED BY FINDING THAT THE DEFENDANT ALIENATED THE FATHER FROM THEIR CHILDREN BY MAKING COMMENTS TO NEIGHBORS, CHURCH MEMBERS, AND OTHERS OF THE GENERAL PUBLIC.
 2. THE TRIAL COURT ERRED IN APPLYING BEEKMAN AND MITCHELL TO THIS CASE.
 The parties' final judgment and decree of divorce was entered January 26, 1999. Joseph Wheeler's motion for reallocation of parental rights, filed April 5, 2000, was heard by the court's magistrate who found as follows as it relates to alienating behavior.
 The Magistrate finds that in early March, 1999, Lori Wheeler unilaterally stopped visitation with the minor children and Joseph, and filed a Motion with the Court seeking to stop visitation based upon allegations that Joseph has sexually abused the minor children. This Motion was later withdrawn. A Childrens Services Board investigation failed to substantiate allegations of sexual abuse by Joseph Wheeler against the minor children. Thereafter, in April of 1999 the parties appeared before Magistrate Donatelli, and visitation with Joseph Wheeler and the minor children resumed.
 Further, the Magistrate finds that there is no credible evidence that Joseph Wheeler has mistreated the minor children in any way. The Magistrate finds that, despite the absence of evidence of mistreatment or abuse, Lori Wheeler continues to allege to third parties, including her counselor Kristin Tipps, MSCT, that Joseph Wheeler is sexually abusing the minor children. The records of counseling of the minor children, contained in Exhibit A, document that neither child evidences any signs of abuse. Nor does the minor child Joseph evidence signs of abuse in play therapy.
 In her testimony, Lori Wheeler acknowledges that she has previously been diagnosed as suffering from bi-polar disorder. Further, Lori Wheeler admits that she believes that Joseph Wheeler has and is sexually abusing the children. Lori Wheeler has informed neighbors, church members and others of the general public that Joseph Wheeler has sexually abused the minor children. In the opinion of the Magistrate, this behavior of Lori Wheeler is alienating behavior, designed to damage the relationship between Joseph Wheeler and the minor children. Further, the Magistrate finds that this behavior is harmful to the minor children and their important relationship with their father. The Magistrate believes that as the children get older and this alienating-type behavior continues, the minor children will suffer harm that may be irreparable.
 The Magistrate finds that Lori Wheeler is a caring, loving parent, but that her preoccupation with alleging sexual abuse by Joseph Wheeler against the minor children is negatively impacting her ability to parent the minor children, and is not in the best interests of the minor children. While the Magistrate believes that Lori Wheeler may believe these allegations, the Magistrate finds that such a belief is not rational given the available evidence. This evidence was unknown to the Court at the time of the original, agreed custodial arrangement, and amounts to a change of circumstances since the prior Order of the Court regarding parental rights.
 The facts as narrated by the magistrate are not disputed by Lori Wheeler. Her contention appears to be that she has been punished for being a conscientious parent who suspended visitation pending an investigation into her older son's statements to her that his father was sexually abusing him.
We think that Lori Wheeler interprets the magistrate's report, and her own conduct, too narrowly. The magistrate did not fault Lori Wheeler for suspending visitation pending investigation of her son's alleged statements. The magistrate's concern was with Lori Wheeler's continuing to tell friends, neighbors, and church members that Joseph Wheeler is abusing the children despite the fact that investigation had failed to establish that Joseph Wheeler is abusing his children.
While Lori Wheeler is correct that there was no evidence that her conduct had, in fact, alienated the children from their father, we believe that the magistrate reasonably concluded that Lori Wheeler's persistence in telling friends, neighbors, and church members that Joseph Wheeler is abusing the children — absent substantiation of these allegations — will, over time, be harmful to the children by undermining their relationship with their father.
The first assignment of error is overruled.
Although Lori Wheeler contends in her second assignment that the trial court misapplied Beekman v. Beekman (1994), 96 Ohio App.3d 783 andMitchell v. Mitchell (1998), 126 Ohio App.3d 500, her appellate argument in support of the assignment only discusses Beekman. Lori Wheeler's complaint with Beekman appears to be that Beekman involved false accusations by the custodial parent of sexual abuse of the children by the non-custodial parent, whereas here Lori Wheeler was only acting upon what her child told her. Again, we think she interprets the magistrate's decision too narrowly. It is not acting upon her child's statement to her by suspending visitation pending further inquiry that persuaded the magistrate that a change of custodial residential parent was called for. Rather, it is Lori Wheeler's persistence in relating unsubstantiated allegations that Joseph Wheeler is abusing the children after investigation failed to support those allegations that prompted the change. As such, there is little factual difference between Beekman and this case.
We agree with Lori Wheeler that both concurring judges in Beekman made clear that Judge Grey's statement in the lead opinion "that unsubstantiated allegations of sexual abuse are a change of circumstances and may be grounds on which to modify a prior custody award" should not take on the status of a per se rule.
Nevertheless, there can be little doubt that unfounded allegations of sexual conduct may arise to the level of a change of circumstances, and we find no abuse of discretion on the part of the magistrate in so concluding in this case.
Lori Wheeler appears to contend that there has been no change of circumstances, but we disagree as stated above. She also contends that Joseph Wheeler failed to demonstrate that a change of custodial residential parent would be in the children's best interest, R.C.3109.04(E)(1)(a), or that the harm accompanying the change will be outweighed by the advantages of the change to the children. Id., (iii).
The magistrate addressed these two requirements as follows:
 In considering the best interests of the children in this case, the Court has considered the statutory factors set forth in Section 3109.04(F)(1(a) et. seq. of the Ohio Revised Code, including; the wishes of the children's parents; the children's interaction to parents, siblings, and any other person who affects their best interest, including the paternal grandmother Virginia Wheeler; the mental and physical health of all persons, including the mental history of Lori Wheeler; the fact the (sic) Lori Wheeler has denied Joseph Wheeler visitation without justification, and the fact that Joseph Wheeler is the parent more likely to facilitate visitation and companionship in the future; the parents (sic) criminal history; and all other factors relevant, including the repeated false accusations by Lori Wheeler regarding sexual abuse by Joseph Wheeler. In the opinion of the Magistrate, the minor children will be better served by being in the care of their father, Joseph Wheeler, and, given their ages, will adjust well to a change in environment.
* * *
 Further, the evidence in the record supports the conclusion that the home of Joseph Wheeler will be the better environment for the minor children, and that any change of environment will further the childrens' (sic) best interests.
 Having reviewed the record, we conclude that the magistrate's determination that these requirements are met were well within his discretion.
Lori Wheeler contends that Joseph Wheeler is in arrears as to child support, one of the "best interest" factors, R.C. 3109.04(F)(1)(g), and concludes that the court did not review the "best interest" factors. We cannot agree. The magistrate did an R.C. 3109.04(F)(1) analysis, as set out above. The magistrate noted a "small arrearage" in his decision and order and required the prior withholding order to remain in effect until it was paid in full. Finally, the trial court observed in response to Lori Wheeler's objection based on the arrearage:
 Under Ohio law reallocation of parental rights is possible even if the nonresidential parent has failed to pay child support in a consistent manner. Modification of a custody award is based upon the best interest of the children and is not a fault finding mission. The circumstances of this case support modification due to the Defendant's state of mind, the unsubstantiated allegations of sexual abuse, and the Defendant's alienating behavior. The Court must look at the totality of the circumstances and determine whether the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
We agree with this statement.
The second assignment is overruled.
The judgment will be affirmed.
GRADY, P.J. and FAIN, J., concur.