OPINION
{¶ 1} Defendant-appellant/cross-appellee, Robert Lucke Homes, Inc., appeals from a decision of the Clermont County Court of Common Pleas awarding it $13,000 in attorney fees from appellee/cross-appellant, Eric C. Deters, an attorney, as a sanction for Deters' having brought frivolous claims against Lucke Homes on behalf of some of his clients. Lucke Homes argues that the trial court erred by not awarding it an even greater amount of attorney fees from Deters because of his frivolous conduct. Deters cross-appeals from that same judgment, arguing that his conduct was not frivolous, and that the trial court erred by awarding Lucke Homes any attorney fees at all.
 {¶ 2} The Bristol Lake subdivision is located on Ohio Pike in Clermont County, Ohio. The subdivision was developed on farmland originally owned by Claude and Gretchen Carroll, and contains nearly 250 residential building lots. Robert C. Rhein Interests, Inc., was the subdivision's developer. Zaring Homes, Inc., M/I Schottenstein Homes, Inc., The Drees Company and Lucke Homes are residential homebuilders who bought lots in the subdivision and constructed homes there.
 {¶ 3} On February 16, 1992, Rhein Interests executed the "Bristol Lake Declaration of Covenants, Conditions, Restrictions, Easements and Liens," which set forth the permissible uses and development of land within the subdivision. On that same date, Rhein Interests incorporated the Bristol Lake Homeowners' Association and established its by-laws and regulations. The declaration stated that the subdivision's two entry lots would remain undeveloped, "open green spaces," and that a small lake in the subdivision would be encircled by an easement, making it accessible to the subdivision's homeowners. The declaration also stated that the homeowners' association owned both the two entry lots and the small lake. On February 20, 1992, Lucke Homes, in order to purchase lots from Rhein Interests, executed a document entitled, "Joinder in Declaration and Consent to Submission," in which Lucke Homes joined in the above-mentioned declaration.
 {¶ 4} In February 1993, Rhein Interests, Zaring Homes and M/I Schottenstein Homes amended the declaration and conveyed the two entry lots to the Carrolls. In November 1993, Rhein Interests again amended the declaration and conveyed to the Carrolls an additional subdivision lot, which extended to the lake's edge. The Carrolls, in turn, erected a fence on that lot, which extended to the lake's edge, thereby depriving the subdivision's homeowners of the lake's use and enjoyment.
 {¶ 5} In July 1996, attorney Eric C. Deters, acting on behalf of approximately 100 homeowners in the Bristol Lake subdivision, filed a complaint against Rhein Interest, Zaring Homes, M/I Schottenstein Homes, the Drees Company and Lucke Homes, alleging that each of the defendants made false representations to the homeowners, or concealed material facts from them, regarding the use of the subdivision's two entry lots and small lake. Additional homeowners in the Bristol Lake subdivision were joined as plaintiffs in the action, with the number of plaintiffs eventually totaling 112.
 {¶ 6} At the time the complaint was filed, Lucke Homes had constructed only four of the homes in the subdivision, and had dealings with only six of the 112 plaintiffs, who were three married couples: Larry and Jane Long, Gregory and Mary Ballou, and Kerwyn and Maureen Robertson.
 {¶ 7} After two years of litigation, the plaintiffs settled their claims against all defendants except Lucke Homes. The plaintiffs subsequently dismissed their claims against Lucke Homes with prejudice. Shortly thereafter, Lucke Homes filed a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51, against Deters and his co-counsel, Deters' law firm and the 112 plaintiffs represented by Deters. The plaintiffs and Deters responded by filing a motion for sanctions against Lucke Homes.
 {¶ 8} After holding a two-day hearing, the trial court denied the plaintiffs' and Deters' motion for sanctions against Lucke Homes, but granted Lucke Home's motion for sanctions in part. The trial court found that Deters' pursuit of claims against Lucke Homes on behalf of the Longs, Ballous and Robertsons was not frivolous and therefore did not merit sanctions. However, the trial court found that Deters' pursuit of claims against Lucke Homes on behalf of the remaining 106 plaintiffs in the action did constitute frivolous conduct under R.C. 2323.51, and that Lucke Homes was entitled to an award of the reasonable attorney fees it incurred in defending against those frivolous claims. The trial court denied Lucke Home's motion for sanctions against the 112 plaintiffs themselves, Deters' associate counsel and Deters' law firm. The trial court also ruled that Deters "did not willfully violate Civ.R. 11."
 {¶ 9} The trial court held a second two-day hearing to determine what portion of the attorney fees incurred by Lucke Homes related to Deters' frivolous conduct. The trial court subsequently awarded Lucke Homes $10,000 in attorney fees for having to defend against the frivolous claims Deters brought on behalf of the 106 plaintiffs who did not purchase homes from Lucke Homes, and an additional $3,000 for the attorney fees Lucke incurred in prosecuting its motion for sanctions.
 {¶ 10} Lucke Homes appeals, and Deters cross-appeals, from the trial court's judgment.
Assignment of Error No. 1
 {¶ 11} "The trial court erred to the prejudice of the defendant Lucke in determining that the claims of the six plaintiffs who actually purchased homes from Lucke were justified and not frivolous."
 {¶ 12} Lucke Homes presents several arguments under this assignment of error. First, Lucke Homes argues that the facts allegedly relayed to Deters by the Longs, Ballous and Robertsons showed that no claim for fraud or negligent misrepresentation could have been successfully asserted against it by those six plaintiffs, and, therefore, Deters' assertion of such claims violated Civ.R. 11, and constituted frivolous conduct under R.C. 2323.51. We find this argument unpersuasive.
 {¶ 13} Former Civ.R. 11[1] provides in relevant part:
 {¶ 14} "Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. * * *."
 {¶ 15} Before a trial court imposes sanctions pursuant to Civ.R. 11, it must consider whether the attorney who signed the pleading, motion or other document: (1) read it; (2) to the best of his or her knowledge, harbored good grounds to support it; and (3) did not file the pleading, motion or other document for purposes of delay. Ceol v. Zion Indus.,Inc. (1992), 81 Ohio App.3d 286, 290. If any of the aforementioned requirements is violated, the trial court must then determine if the violation was "willful" as opposed to merely negligent. Id. Finally, if the violation was willful, the trial court may impose an "appropriate sanction" on the offending party, which may include an award to the opposing party of its expenses and reasonable attorney fees incurred in bringing the Civ.R. 11 motion. Id.; former Civ.R. 11. A trial court has broad discretion in determining what sanction, if any, is to be imposed for violating the rule. Ceol at 290.
 {¶ 16} Former R.C. 2323.51[2] provides that a trial court may award reasonable attorney fees to any party in an action who has been adversely affected by "frivolous conduct." Former R.C. 2323.51(B)(1). Former R.C. 2323.51(A)(2) defines "frivolous conduct" as follows:
 {¶ 17} "(2) `Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:
 {¶ 18} "(a) It obviously serves merely to harass or maliciously injure another party to the civil action;
 {¶ 19} "(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
 {¶ 20} The issue of whether one party's conduct is intended merely to harass or maliciously injure another party to the civil action is a factual question, and the trial court's resolution of that factual question is entitled to deference by a reviewing court. Burrell v.Kassicieh (1998), 128 Ohio App.3d 226, 230. By contrast, the issue of whether an attorney's claim is warranted under existing law or can be supported by a good faith argument for an extension, modification or reversal of existing law is a question of law, to which the trial court's decision is not entitled to deference by a reviewing court. Mitchell v.Mitchell (1998), 126 Ohio App.3d 500, 504. However, where the court has found the existence of frivolous conduct, the decision whether or not to assess a penalty for the conduct rests within the trial court's sound discretion. Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 52.
 {¶ 21} The Longs, Ballous and Robertsons stated in their initial complaint that the developer's and builders' representations that the two entry lots and the small lake belonged to the homeowners' association were made after they had purchased their homes. Lucke points out that, if this in fact was true, then the plaintiffs could not claim that these alleged misrepresentations induced them into buying their homes.
 {¶ 22} However, the Longs, Ballous and Robertsons subsequently amended their complaints to allege that the representations concerning the two lots and the small lake were made before they purchased their homes. In response to this, Lucke Homes points out that if the allegations in the subsequent complaint regarding the timing of the representations are correct, then the plaintiffs still could not have prevailed against it because, at this earlier time, the representations allegedly made by the developer and the homebuilders were undeniably true. Thus, Lucke Homes argues it was unreasonable for Deters to rely on the statements of the Longs, Ballous and Robertsons in fashioning claims against Lucke Homes on their behalf. We disagree with this argument.
 {¶ 23} Initially, it was not unreasonable for Deters to rely on the assertions of the plaintiffs as to when Lucke Homes made the allegedly false representations to them regarding the two entry lots and small lake. "An attorney may rely on a client's recitation of the facts in any case or controversy, unless they are plainly devoid of truth."Tomb Assoc., Inc. v. Wagner (1992), 82 Ohio App.3d 363, 368. The Longs', Ballous' and Robertsons' mistake as to when the developer and builders made the representations to them regarding the two entry lots and small lake was understandable in light of the passage of time between the point at which the representations were made and the point at which the plaintiffs filed their complaint against the developer and builders, including Lucke Homes.
 {¶ 24} Furthermore, it was not unreasonable for Deters to believe that Lucke Homes may have been aware of confidential information concerning the subdivision's development. As the trial court noted, "the builders were the ones who were going to actually implement the plans for the development of the subdivision, at least to the extent of constructing homes therein. The builders were the ones asked to declare that they would conform to the plans for the subdivision. The builders were the ones who actually `joined' the declaration." Moreover, in considering whether to sue, the Longs, Ballous and Robertsons were confronted with the question of whether Lucke Homes knew that the two entry lots that were supposed to be left open would, in fact, be removed from the subdivision. It was not unreasonable for the Longs, Ballous and Robertsons to assume that builders like Lucke Homes who had signed the joinder to the declaration, would have known that the lots were not to be left as open spaces.
 {¶ 25} Furthermore, in evaluating the reasonableness of Deters' decision to include Lucke Homes as a defendant for purposes of the Longs', Ballous' and Robertsons' claims, it must be kept in mind that the plaintiffs were not parties to the discussions that occurred between Lucke Homes and the developer and the builders. As the trial court noted:
 {¶ 26} "[t]he discussions which lead up to fraudulent misrepresentations or fraudulent concealments are not usually open. They are discoverable, but this discovery can generally only occur subsequent to the commencement of a lawsuit."
 {¶ 27} Under the circumstances present in this case, the trial court did not abuse its discretion in not sanctioning Deters for bringing claims against Lucke Homes on behalf of the Longs, Ballous and Robertsons.
 {¶ 28} The second argument Lucke Homes raises under this assignment of error is that neither the facts nor the law supported the Longs', Ballous' or Robertsons' claims that Lucke Homes owed them a fiduciary duty which it breached, and, therefore, the assertion of such claims by Deters on their behalf violated Civ.R. 11 and constituted frivolous conduct under R.C. 2323.51. We find this argument unpersuasive.
 {¶ 29} In responding to Lucke Homes' motion to dismiss raised during the proceedings, the trial court suggested in its decision that Deters dismiss his breach of fiduciary duty claim against the homebuilders, including Lucke Homes. When the trial court made this suggestion, Deters followed it. Under these circumstances, the trial court did not abuse its discretion in not awarding Lucke Homes sanctions for the breach of fiduciary duty claims raised by Deters.
 {¶ 30} Lastly, Lucke Homes argues that Deters made false assertions of fact and presented unfounded claims by the Longs, Ballous and Robertsons in support of claims of other plaintiffs and that such conduct violated Civ.R. 11 and R.C. 2323.51. We disagree with this argument as well.
 {¶ 31} In determining that Deters' conduct was frivolous, the trial court expressly found that Deters was trying to "`level the playing field' by having a large number of plaintiffs join their claims and their potential damages in one case against these builders and the developer and by doing so, make it more likely that the plaintiffs would prevail at trial." The trial court did sanction Deters for using this tactic. However, the record does not support Lucke Homes' assertion that Deters knew that the six plaintiffs who bought homes from Lucke Homes made false assertions of fact and unfounded claims in support of the remaining plaintiffs' claims.
 {¶ 32} In light of the foregoing, Lucke Homes' first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 33} "The trial court erred to the prejudice of the defendant Lucke in determining that attorney deters' conduct did not violate Civ.R. 11."
 {¶ 34} Lucke Homes asserts that the trial court erred by failing to find that Deters violated Civ.R. 11 by failing to investigate adequately the claims he raised; by making false allegations in support of his claims; by pursuing what he knew to be frivolous claims to gain a "tactical advantage" in the litigation; and by acting "willfully" and with intent to harass or maliciously injure Lucke Homes. We find these arguments unpersuasive.
 {¶ 35} Civ.R. 11 and R.C. 2323.51 provide a trial court with alternative methods for awarding attorney fees as a sanction for frivolous conduct. Thus, even if the trial court erred in finding that Deters' frivolous conduct was not "willful" for purposes of Civ.R. 11, there is no indication that Lucke Homes was prejudiced by that finding. Civ.R. 11 does not allow parties like Lucke Homes to obtain a double recovery for the same frivolous conduct by a party opponent or his or her attorney. In other words, Lucke Homes cannot gain one recovery against Deters for his having violated R.C. 2323.51, and then a second recovery for his having violated Civ.R. 11.
 {¶ 36} Furthermore, Lucke Homes has not shown that it would have received an increased award of attorney fees if the trial court had found that Deters violated Civ.R. 11, as well as R.C. 2323.51. Lucke Homes was compensated for the attorney fees it spent in defending against the 106 plaintiffs whose claims were deemed frivolous by the trial court, and for the attorney fees it incurred in prosecuting its motion for sanctions against Deters. To the extent that Lucke Homes is arguing that it should have received a greater amount of attorney fees, that claim has been addressed in our response to Lucke Homes' first assignment of error and will be addressed further in our response to Lucke Homes' fourth assignment of error. However, Lucke Homes was not prejudiced by the trial court' decision to overrule its Civ.R. 11 motion, and any error the trial court made in overruling Lucke Homes' Civ.R. 11 motion was harmless. SeeO'Brien v. Angley (1980), 63 Ohio St.2d 159, 164-165 (where substantial justice has been done, trial court's judgement will not be reversed on appeal).
 {¶ 37} Lucke Homes' second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 38} "The trial court erred to the prejudice of the defendant Lucke in determining that Civ.R. 11 applies only to pleadings, and not to motions and other conduct, and in determining that a party may not recover attorneys' fees incurred in prosecution of a successful Civ.R. 11 MOTION."
 {¶ 39} We overrule this assignment of error on the same basis that we overruled Lucke Homes' second assignment of error.
 {¶ 40} Lucke Homes' third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 41} "The trial court erred to the prejudice of the defendant Lucke in determining that it was entitled only to an award of $13,000.00 in attorney fees as a result of attorney deters' frivolous conduct."
 {¶ 42} Lucke Homes argues that the trial court erred in awarding it only $10,000 in attorney fees for defending against Deters' frivolous claims and only $3,000 in attorney fees for prosecuting its motion for sanctions against Deters. We disagree with this argument.
 {¶ 43} Some of the fees incurred by Lucke Homes were incurred by Deters' filing of additional claims on behalf of the 106 plaintiffs who did not purchase homes from Lucke Homes. However, the evidence demonstrated that the vast majority of the services Lucke Homes' counsel performed would have been necessary even if the number of plaintiffs in the action had been reduced to the six who purchased homes from Lucke Homes. Furthermore, Lucke Homes' counsel could have brought a summary judgment motion early in the proceedings against the 106 plaintiffs who did not purchase their homes from Lucke Homes, which would have resulted in the end of the litigation with respect to those plaintiffs.
 {¶ 44} Finally, we note that there is an incongruity between Lucke Homes' assertion that the claims made on behalf of the 106 plaintiffs were baseless and totally without merit, and its assertion that it should have been awarded a far greater amount of attorney fees than the trial court awarded it. In light of these circumstances, the trial court did not abuse its discretion by not awarding Lucke Homes an even greater amount of attorney fees than it did.
 {¶ 45} Lucke Homes' fourth assignment of error is overruled.
Cross-assignment of Error No. 1
 {¶ 46} "The trial court abused its discretion when it awarded attorney fees to defendant Lucke Homes because the actions of attorney Eric C. Deters were justified to protect the interests of his clients and were not frivolous activities."
 {¶ 47} Deters argues that his conduct in bringing claims against Lucke Homes on behalf of the 106 homeowners in the Bristol Lake subdivision who did not purchase their homes from Lucke Homes was justified and not frivolous. In support of this argument, Deters relies on the joinder agreement Lucke Homes signed, whereby Lucke Homes agreed to submit all lots it purchased to the provisions of the declaration. Deters argues that to the best of his knowledge and belief, this joinder agreement was used to persuade other home buyers into believing that there would be a common area owned by the homeowners' association. Deters further asserts that he was merely engaging in the zealous representation of his clients and that defense counsel was equally responsible for the manner in which the litigation proceeded. Deters argues in the alternative that if attorney fees are to be awarded to Lucke Homes, then the award should be lowered to reflect the work actually performed by its counsel. We disagree with these arguments.
 {¶ 48} Initially, the evidence shows that a number of the 106 plaintiffs did not receive the joinder agreement signed by Lucke Homes. As to the plaintiffs who did receive the joinder agreement, none of them received it from Lucke Homes. Most importantly, there is no evidence that the plaintiffs who purchased their homes from builders other than Lucke Homes were relying on any representation made by Lucke Homes, nor is there any evidence of fraudulent concealment or negligent misrepresentation by Lucke Homes. Instead, the evidence establishes that the 106 plaintiffs who purchased their homes from builders other than Lucke Homes relied only upon representations made to them by those other builders, and not from any representations made by Lucke Homes.
 {¶ 49} Furthermore, while the evidence showed that Lucke Homes' counsel also took what the trial court termed as a "very aggressive approach" in their representation of their client, the evidence supports the trial court's conclusion that by joining the 106 plaintiffs who did not purchase their homes from Lucke Homes to the action, Deters was responsible for turning what should have been a simple action between Lucke Homes and the three married couples to whom it sold homes, into what the trial court accurately described as a "mammoth" case. Furthermore, in fashioning an award of attorney fees to Lucke Homes for Deters' frivolous conduct, the trial court did take into account the fact that not all costs that Lucke Homes' incurred in defending against Deters' claims were reasonable.
 {¶ 50} Deters also argues that Lucke Homes should not have been allowed to move for sanctions against him after it dismissed its counterclaim charging frivolous conduct. In support of his argument, Deters cites Jones v. Billingham (1995), 105 Ohio App.3d 8. In that case, an appellate court held that a trial court did not abuse its discretion in overruling a civil defendant's motion for sanctions where both parties to the underlying action had dismissed their claims without prejudice. Id. at 12. The Jones court held that the defendant had "abandoned" her frivolous conduct claim by voluntarily dismissing her counterclaim that plaintiffs had engaged in frivolous conduct in bringing an action against her.
 {¶ 51} It must be remembered that in Jones v. Billingham the appellate court upheld the trial court's exercise of discretion to deny a defendant's motion for sanctions. In this case, however, we do not believe the trial court abused its discretion by partially granting Lucke Homes' motion for sanctions. Lucke Homes' decision to dismiss its abuse of process counterclaim against Deters, his co-counsel and law firm, and the plaintiffs without prejudice, at the same time that the plaintiffs dismissed their claims against Lucke Homes with prejudice, demonstrated that Lucke Homes had no intention of abandoning its right to bring a motion for sanctions against Deters and the plaintiffs. Furthermore, contrary to what Deters argued in the proceedings below, the trial court had jurisdiction to rule on Lucke Homes' motion for sanctions following the parties' voluntary dismissal of the action. See Schwartz v. Gen.Acc. Ins. Of Am. (1993), 91 Ohio App.3d 603, 606.
 {¶ 52} Therefore, we agree with the trial court's conclusion that it had jurisdiction to rule on Lucke Homes' motion for sanctions. Furthermore, we conclude that the trial court did not abuse its discretion in ordering Deters to pay Lucke Homes attorney fees of $13,000 for bringing claims against the 106 plaintiffs who did not purchase their homes from Lucke Homes.
 {¶ 53} In light of the foregoing, Deter's sole cross-assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] This case, which was commenced on July 19, 1996, is governed by the previous version of the rule, effective July 1, 1995. In any event, the amendments to the rule, effective July 1, 2001, would not affect our decision in this case.
[2] Since plaintiffs' action against Lucke Homes was commenced on July 19, 1996, this matter is governed by the version of R.C. 2323.51 that became effective on January 5, 1988. Although R.C. 2323.51 has been amended several times since July 1996, the amendments would not affect our decision in this case.