[Cite as *Wolford v. Willis*, 2018-Ohio-3937.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

CYNTHIA WOLFORD,                          :

    Plaintiff-Appellant,                  :     Case No.   17CA9

    vs.                                   :

EDWARD WILLIS, II,                        :     DECISION AND JUDGMENT ENTRY

    Defendant-Appellee.                   :

_____

APPEARANCES:

David M. Lynch, Euclid, Ohio, for appellant.

Richard M. Lewis, Christen N. Finley, and Suzanna T. King, Jackson, Ohio, for appellee.

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED:9-18-18
ABELE, J.

{¶ 1} This is an appeal from a Gallia County Common Pleas Court, Juvenile Division, judgment that denied a motion to modify a prior decree allocating parental rights and responsibilities between Cindy Wolford, plaintiff below and appellant herein, and Edward Willis, II, defendant below and appellee herein.   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN DECIDING TO ISSUE A DECISION IN CONTRAVENTION OF THE [GUARDIAN AD LITEM]'S RECOMMENDATION."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED ERROR IN RETAINING THE FATHER AS CUSTODIAL PARENT IN LIGHT OF THE FATHER TRYING TO KEEP THE TRUTH OF MOLESTATION FROM THE CHILD'S COUNSELORS."

{¶ 2} Appellant and appellee never married, yet in 2008, they bore a child together. In April 2009, the trial court established a parent-child relationship between appellee and the child, designated appellant the child's residential parent, and allocated parenting time to appellee.

{¶ 3} In 2011, shortly after the child's third birthday, appellee filed a motion to modify the prior decree that designated appellant the child's residential parent. In his motion, appellee alleged that the parties have experienced difficulties when exchanging the child and that he has concerns regarding appellant's mental health and ability to safely parent the child.

{¶ 4} In May 2012, appellee requested the court to grant him temporary emergency custody of the child. In particular, appellee asserted that the guardian ad litem recommended that the court place the child in appellee's custody and allow the mother to have supervised visits with the child. Appellee professed concern that "the child will be in increased peril" once appellant reviews the guardian ad litem's recommendation. Appellee pointed out that "[e]ven the guardian notes: 'I am concerned that if [appellant] loses custody of [the child], her behaviors could escalate and the situation could become dangerous for [the child.].'" After due consideration, the court granted appellee temporary emergency custody of the child and later extended that order. The court additionally ordered appellant to undergo a psychiatric evaluation.

{¶ 5} After appellant completed two evaluations, she requested the court to return the child to her custody. Appellant alleged that neither evaluation indicated that she poses any risk

of harm to her child or to others. Later, the court denied appellant's motion and continued its order that granted appellee temporary custody of the child pending a full hearing.

{¶ 6} In February 2013, the trial court granted appellee's motion to modify the 2009 decree. The court found that a change in circumstances had occurred and that designating appellee the child's residential parent is in the child's best interest. With respect to the change-in-circumstances requirement, the court determined that appellant's "EXTREME reaction and actions regarding the child and the claims of inappropriate behavior by the father have caused a change of circumstances for the child in this matter." The court thus designated appellee the child's residential parent and granted appellant parenting time.

{¶ 7} Just over one year after the trial court reallocated parental rights and responsibilities and changed the designation of the child's residential parent from appellant to appellee, appellant filed a motion to modify the 2013 decree. Appellant alleged that a change in circumstances had occurred due to appellee's alleged interference with her attempts to communicate with the child when the child is not in her home.

{¶ 8} After appellant filed her motion to modify, and after ten days of hearing spanning the course of a year, the magistrate denied appellant's motion to modify the 2013 decree that designated appellee the child's residential parent. The magistrate did not believe that a change in either the child's or appellee's circumstances had occurred. Instead, the magistrate found that appellant simply attempted to re-litigate the same issues that the parties had raised during the proceedings concerning appellee's 2011 motion to modify the court's 2009 decree. The magistrate specifically found that the conflict between the parties had exited since day one and that appellant could not fabricate a change in circumstances by creating conflict. Appellant

subsequently filed objections to the magistrate's decision.

{¶ 9} On June 12, 2017, the trial court overruled appellant's objections to the magistrate's decision and denied appellant's motion to modify the February 2013 decree. The trial court agreed with the magistrate's conclusion that a change in circumstances had not occurred and that appellant simply attempted to re-litigate the same matters raised and considered during the prior proceedings. The court additionally recognized the guardian ad litem's recommendation to designate appellant the child's residential parent. The court determined, however, not to follow the guardian ad litem's recommendation due to the absence of the threshold finding of a change in circumstances. The court thus denied appellant's motion to modify the prior decree that designated appellee the child's residential parent. This appeal followed.

{¶ 10} For ease of discussion, we jointly consider appellant's two assignments of error. In her first assignment of error, appellant asserts that the trial court abused its discretion by failing to follow the guardian ad litem's recommendation.

{¶ 11} In her second assignment of error, appellant argues that the trial court erred by refusing to designate her the residential parent. She contends that the trial court did not adequately consider the counselors' testimony when ascertaining the child's best interest. Appellant specifically contends that the trial court did not consider (1) testimony that appellee ended the child's counseling sessions when the child appeared to be ready to discuss the sexual abuse allegations, or (2) testimony that appellee should not have terminated the child's counseling.

A

STANDARD OF REVIEW

{¶ 12} Appellate courts generally review trial court decisions regarding the modification of a prior allocation of parental rights and responsibilities with the utmost deference. *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997); *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). Consequently, absent an abuse of discretion, we will generally not disturb a trial court's decision to modify parental rights and responsibilities. *Davis*, 77 Ohio St.3d at 418, 674 N.E.2d 1159. "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 13} In *Davis*, the court more specifically defined the standard of review that applies in custody proceedings as follows:

> "'Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court. (*Trickey v. Trickey* [1952], 158 Ohio St. 9, 47 O.O. 481, 106 N.E.2d 772, approved and followed.)' [*Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus].
> The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page. As we stated in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80–81, 10 OBR 408,

410–412, 461 N.E.2d 1273, 1276–1277:

> 'The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * *
>
> * * * *
>
> * * * A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. The determination of credibility of testimony and evidence must not be encroached upon by a reviewing tribunal, especially to the extent where the appellate court relies on unchallenged, excluded evidence in order to justify its reversal.'"

*Id.* at 418–419.

{¶ 14} Additionally, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Id.* at 419. Furthermore, we recognize that "custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence." *Id.* at 418. As the Ohio Supreme Court long-ago explained:

> In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the parties and through independent investigation can not be conveyed to a reviewing court by printed record.

*Trickey*, 158 Ohio St. at 13, 106 N.E.2d 772.

{¶ 15} Thus, this standard of review does not permit us to reverse the trial court's decision if we simply disagree with the decision. We may, however, reverse a trial court's custody decision if the court made an error of law, if its decision is unreasonable, arbitrary, or

unconscionable, or if substantial competent and credible evidence fails to support it. *Davis*, 77

Ohio St.3d at 418–419, 421 (explaining "abuse of discretion standard" and stating that courts

will not reverse custody decisions as against the manifest weight of the evidence if substantial

competent and credible evidence supports it, courts must defer to fact-finder, courts may reverse

upon error of law, and trial court has broad discretion in custody matters).

B

LEGAL STANDARD GOVERNING CUSTODY MODIFICATION

{¶ 16} R.C. 3109.04(E)(1)(a) governs the modification of a prior custody decree and

states:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
> (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
> (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
> (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 17} The statute thus creates a strong presumption in favor of retaining the residential

parent and precludes a trial court from modifying a prior parental rights and responsibilities

decree unless the court finds all of the following: (1) a change occurred in the circumstances of

the child, the child's residential parent, or a parent subject to a shared-parenting decree, (2) the

change in circumstances is based upon facts that arose since the court entered the prior decree or that were unknown to the court at the time of the prior decree; (3) the child's best interest necessitates modifying the prior custody decree; and (4) one of the circumstances specified in R.C. 3109.04(E)(1)(a)(i)-(iii) applies. *In re Brayden James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 14; *accord Sites v. Sites*, 4th Dist. Lawrence No. 09CA19, 2010-Ohio-2748, 2010 WL 2391647, ¶ 17. Thus, the threshold question in a parental rights and responsibilities modification case is whether a change in circumstances has occurred.

C

CHANGE IN CIRCUMSTANCES

{¶ 18} The change in circumstances requirement is intended "'to spare children from a constant tug of war,'" and "'to provide some stability to the custodial status of the children,'" even if the nonresidential parent shows that "'he or she can provide a better environment.'" *Davis*, 77 Ohio St.3d at 418, quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist. 1982). The change in circumstances requirement also is intended "'to prevent a constant relitigation of the issues raised and considered when the trial court issued its prior custody order.'" *Price v. Price*, 4th Dist. Highland No. 99CA12, 2000 WL 426188, *2 (Apr. 13, 2000).

{¶ 19} Because a child needs stability, parents should not "view final orders allocating parental rights and responsibilities as subject to easy revision as the child's life develops." *Averill v. Bradley*, 2nd Dist. Montgomery No. 18939, 2001 WL 1597881, *5 (Dec. 14, 2001). Easy revision of final orders allocating parental rights and responsibilities conflicts "with the principle of finality that attaches to all final orders, even those that may be modified." *Id.*

Furthermore, "[i]t perpetuates instability into the child's life" and "promotes antagonisms between the child's parents." *Id.* It also "treats the court as a kind of supernumerary third parent that is available to resolve disputes which the parties should resolve themselves." *Id.* Thus, a party seeking to reallocate parental rights and responsibilities carries a significant burden to show that a change in circumstance has occurred. *See Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 33 (explaining that change in circumstance standard is "high"). Appellate courts must not, however, "make the threshold for change so high as to prevent a trial judge from modifying custody if the court finds it necessary for the best interest of the child." *Davis*, 77 Ohio St.3d at 420–421. Accordingly, the change need not be "substantial," but it must be more than "slight or inconsequential." *Id.* at 417–418; *Bragg v. Hatfield*, 152 Ohio App.3d 174, 2003-Ohio-1441, 787 N.E.2d 44, ¶ 23 (4th Dist.) ("The change must be significant—something more than a slight or inconsequential change."). A change in circumstances must be one of consequence—one that is substantive and significant—and it must relate to the child's welfare. *Davis*, 77 Ohio St.3d at 418; *In re D.M.*, 8th Dist. Cuyahoga No. 87723, 2006-Ohio-6191, 2006 WL 3378429, ¶ 35, quoting *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 604–05, 737 N.E.2d 551 (7th Dist., 2000) (explaining that a change in circumstance generally means an event, occurrence, or situation that materially affects a child's welfare); *Beaver v. Beaver*, 143 Ohio App.3d 1, 10, 757 N.E.2d 41 (4th Dist. 2001), quoting *Holtzclaw v. Holtzclaw*, Clermont App. No. CA92–04–036, 1992 WL 368712 (Dec. 14, 1992) ("'Implicit in the definition of changed circumstances is that the change must relate to the welfare of the child.'"). Additionally, the change in circumstances must be based upon facts that have arisen since the prior allocation or that were unknown at the time. R.C. 3109.04(E)(1)(a); *Brammer v.*

*Brammer*, 194 Ohio App.3d 240, 2011-Ohio-2610, 955 N.E.2d 453, ¶ 17 (3rd Dist.).

D

APPLICATION

{¶ 20} In the case sub judice, we initially note that neither of appellant's assignments of error specifically challenge the trial court's finding concerning the change in circumstances. Instead, appellant asserts that the trial court abused its discretion by failing to follow the guardian ad litem's recommendation to designate her the residential parent and by discounting certain witnesses' testimony.

{¶ 21} We first point out that trial courts are not obligated to follow a guardian ad litem's recommendation.  As we explained in *Gould v. Gould*, 4th Dist. Lawrence No. 16CA30, 2017-Ohio-6896, 2017 WL 3084809, ¶ 57, "while guardians ad litem play important roles in child custody matters and in evaluating the interest of children, their recommendations [are] not be binding upon [a trial] court."  Instead, "[t]he trial court must be free to evaluate all of the evidence and determine, based upon the entire record, the children's best interest."  *Id.* Moreover, "[t]he ultimate decision [in] any proceeding is for the judge[,] and not for the representative of the parties * * *."  *Kauble v. Pfeiffer*, 3d Dist. No. 9–03–36, 2003–Ohio–6988, at ¶ 19.

{¶ 22} In the case sub judice, the trial court specifically explained that it chose not to follow the guardian ad litem's recommendation to designate appellant the child's residential parent due to appellant's failure to show that a change in circumstances had occurred so as to warrant a modification of the prior decree that designated appellee the child's residential parent. Consequently, we disagree with appellant that the trial court abused its discretion by failing to

follow the guardian ad litem's recommendation.  *Ankney v. Bonos*, 9th Dist. Summit No. 23178, 2006-Ohio-6009, 2006 WL 3304343, ¶ 23 (concluding that trial court did not err by entering "an order contrary to the recommendations of the G.A.L.").

{¶ 23} Second, appellant does not specify how any alleged error that the trial court may have committed by discounting the counselors' testimony affected its decision that a change in circumstances had not occurred.  Rather, she contends that the court failed to "sufficiently consider the testimony of [the c]ounselors in determining parental custody in the best interest of the child."  As we noted earlier, however, the change-in-circumstances finding is a threshold requirement under R.C. 3109.04(E)(1)(a).  Without a change in circumstances, a trial court need not analyze whether a modification is in a child's best interest.  In the case at bar, therefore, any error that the court may have made by discounting the counselors' testimony as it relates to the child's best interest did not affect its decision regarding the change-in-circumstances requirement.  As such, any error would be harmless error that we must disregard.  *See* Civ.R. 61 (explaining that court "must disregard any error or defect in the proceeding" that does not affect a party's substantial rights); *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009–Ohio–3626, ¶ 26, 912 N.E.2d 595, quoting *Smith v. Flesher*, 12 Ohio St.2d 107, 110, 233 N.E.2d 137 (1967) (explaining that "'in order to secure a reversal of a judgment,'" a party "'must not only show some error but must also show that error was prejudicial to him'").

{¶ 24} Additionally, to the extent appellant disputes the trial court's finding that a change in circumstances had not occurred, we do not believe that the trial court's finding lacks a rational basis.  Rather, the trial court could have reasonably concluded that appellant's alleged changes are merely a continuation of the difficulties and negative attitudes that the parties displayed

throughout their relationship and that a change of substance had not occurred since the prior decree. Moreover, the court extensively documented its reasoning in its twenty-nine page decision. Nothing in that decision shows that the court acted unreasonably, unconscionably, or arbitrarily by determining that a change in circumstances had not occurred.

{¶ 25} We further recognize that the trial court found that appellant instigated some of the difficulties that she alleged as changed circumstances. Courts have declined to find a change in circumstances when the party requesting a modification created the purported change. *Polhamus v. Robinson*, 2017-Ohio-39, 80 N.E.3d 1142 (3rd Dist.), ¶ 35 (stating that "[a] party cannot rush into court and request a change in custody based on a change in circumstance resulting from a situation of their own creation."), citing *In re S.B.*, 11th Dist. Ashtabula No. 2010-A-0019, 2011-Ohio-1162, ¶ 89 ("A juvenile court does not abuse its discretion in failing to find a change in circumstances where the moving party has helped to create or is responsible for the allegedly changed circumstances on which the motion to change custody is based.").

{¶ 26} Furthermore, even if appellee did not allow appellant to talk to the child on the telephone every day when the child was in appellee's care, the trial court had more than ample reason to conclude that this situation did not create a change of any substance. We recognize that "a custodial parent's interference with visitation by a noncustodial parent may be considered a 'change of circumstances' which would allow for a modification of custody." *Mitchell v. Mitchell*, 126 Ohio App.3d 500, 505, 710 N.E.2d 793 (2d Dist.1998). Additionally, a change in circumstances may include a breakdown in communication between the parties and their inability to communicate and cooperate. *Reese v. Siwierka*, 11th Dist. No. 2012-P-0053, 2013-Ohio-2830, 2013 WL 3367032, ¶ 31 ("[A] change in circumstances may include 'a

custodial parent's interference with visitation by a noncustodial parent' and 'a breakdown in communication between the parents and their inability to communicate and cooperate.'"); *Eatherton v. Behringer*, 3d Dist. Seneca No. 13–12–23, 2012-Ohio-5229, 2012 WL 5507090, ¶ 43, citing *Milner v. Milner*, 10th Dist. Franklin No. 99AP–13, 1999 WL 1139965, *3 (Dec. 14, 1999). We again point out, however, that any such change must be of substance, not slight or inconsequential. *Davis*, 77 Ohio St.3d at 415. To constitute a substantial change in circumstances, the change must have a material effect on the child.

{¶ 27} In the case at bar, the trial court's decision indicates that any change regarding appellant's telephone calls is not a change of substance. The court found that even though appellant may have missed some of the telephone calls to which she was allotted, appellee did not deny appellant all contact with the child. The court explained:

> When hearing the testimony about the missed telephone parenting time by mother, one might get the impression that the mother had no contact at all with the child for months at a time. Although the father was in contempt for failing to follow the court's orders regarding telephone contact and even though the mother did not get daily telephone contact with the child, she still had 3 out of every 4 weekends with the child during the school year, as well as extended parenting time during holidays and summer.

The court thus did not believe that appellee's interference with the telephone communications between appellant and the child constituted a change of substance.

{¶ 28} Furthermore, the trial court could have reasonably determined that the animosity between the parties and the allegations of inappropriate behavior has been ongoing and does not constitute a change. We also note that appellant did not detail how changing the residential parent status would resolve these issues between these parties. Instead, it appears appellant wishes to modify the prior decree because she believes that she could provide a "better

environment" for the child.   *Davis*, 77 Ohio St.3d at 418, citing *Wyss*, 3 Ohio App.3d at 416.   It is this "constant tug of war" between parents that R.C. 3109.04(E)(1)(a) is designed to prevent. *Id.*

{¶ 29} Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & *Brunner, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

*Judge Jennifer L. Brunner of the Tenth Appellate District sitting by assignment of The Supreme Court of Ohio.