OPINION
{¶ 1} Appellant, Victoria Kenney nka Katz, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, denying her motion for reallocation of parental rights of her son. We affirm the decision for the reasons outlined below.
 {¶ 2} Appellant and appellee, James D. Kenney,[1] were married in 1995 and one child was born of the marriage that year. The parties divorced in 1997. The trial court indicated in its divorce decision that neither parent was a "fit parent." However, in the trial court's entry and decree of divorce, it simply placed the child with the paternal grandmother, Barbara Gibbs ("Gibbs"), and named Gibbs the "residential parent and legal custodian of the child."
 {¶ 3} In 1999, appellant filed a motion for reallocation of parental rights, alleging that significant changes had occurred in her life. The motion was ultimately granted by the trial court, which found that no change of circumstances was necessary because the original custody order was temporary. The child spent approximately eight months with appellant at her residence in New York, during which time the trial court's decision was overturned by this court in Kenney v. Kenney, Warren App. No. CA2001-04-036, 2001-Ohio-8662.
 {¶ 4} In Kenney, this court held that the language of the trial court's original entry and decree of divorce did not indicate an award of temporary custody. Therefore, once the trial court made that initial custody determination, a showing of change of circumstances was necessary for a custody modification. This court found that appellant had failed to show the requisite change of circumstances and remanded the matter to the trial court. The trial court returned custody of the child to Gibbs.
 {¶ 5} Appellant filed a second motion for reallocation of parental rights in February 2002, shortly after the child was returned to Gibbs. That motion was denied after the trial court determined that a custody modification was not appropriate because appellant failed to show a change of circumstances for the child or the custodian.[2] Appellant filed the instant appeal, setting forth four assignments of error. Some of appellant's assignments of error overlap, but we will address them in the order presented.
 {¶ 6} Before we consider the specific assignments of error, we acknowledge that the power of the trial court to exercise discretion is peculiarly important in proceedings involving the custody and welfare of children. Miller v. Miller (1988),37 Ohio St.3d 71, 74. The discretion a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination has on the lives of the parties concerned. Id.
 {¶ 7} The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record, and the reviewing court should be guided by the presumption that the trial court's findings were correct. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80-81. Therefore, we will review the trial court's order under an abuse of discretion standard. Miller; Comstock v. Comstock (Mar. 1, 2000), Lorain App. No. 92DU044288.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The trial court abused its discretion in overruling mother's motion for reallocation of parental rights and responsibilities."
 {¶ 10} R.C. 3109.04(E)(1)(a) states that the trial court shall not modify a prior decree allocating parental rights and responsibilities unless it finds, based on facts that have arisen since the prior decree or were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, and that the modification is necessary to serve the best interests of the child.
 {¶ 11} Appellant's first assignment of error states that the court system has ignored the situation of the child in this case, and raises a number of arguments that we have interpreted as follows:
 {¶ 12} Appellant argues that the trial court failed to recognize a parent's fundamental liberty interest in the custody and care of his or her child. See Santosky v. Kramer (1982),455 U.S. 745, 753, 102 S.Ct. 1388. Appellant laments the trial court's failure to certify the original custody determination to juvenile court in 1997. She argues that the trial court clearly intended the initial custody arrangement to be temporary, so a change of circumstances was not needed. Appellant also argues that the trial court misunderstood this court's directive on remand of the first motion for reallocation of parental rights under Kenney v. Kenney, 2001-Ohio-8662.
 {¶ 13} After reviewing the record, we cannot agree with appellant's assertions. There is nothing in the record to indicate that the trial court failed to appreciate a parent's fundamental interest in her child. Further, this court cannot now address the trial court's original custody determination and decision not to certify the custody matter to juvenile court.
 {¶ 14} This court previously determined in Kenney v.Kenney, that the trial court's entry and decree of divorce did not involve a temporary custody arrangement. It also does not appear that the trial court believed that it could not conduct an evaluation of issues related to a change of circumstances that were raised by appellant's second motion for reallocation.
 {¶ 15} Appellant suggests that the trial court should have questioned whether it needed to consider a change of circumstances before conducting a best interest analysis. However, if an original custody award has already been made, the party seeking to modify that award must show a change in circumstances even if the noncustodial party is a parent and the custodial party is a nonparent. Bragg v. Hatfield,152 Ohio App.3d 174, 2003-Ohio-144, at ¶ 17; see, e.g., Wilburn v.Wilburn (2001), 144 Ohio App.3d 279, 286-288; Kenney v.Kenney, citing In re Whiting (1990), 70 Ohio App.3d 183, 187.
 {¶ 16} Further, it appears from the record that the trial court reviewed whether any other evidence provided a change of circumstances and ruled that no change in circumstances occurred.
 {¶ 17} After reviewing the record, we cannot say that the trial court abused its discretion in overruling appellant's motion for reallocation of parental rights. Appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "The trial court erred in not finding a change of circumstances pursuant to Ohio Revised Code 3109.04(e)(1)(a) whereby there was a change of circumstances of the child and the child's residential parent."
 {¶ 20} Appellant argues that the time her son spent with her in New York after the trial court granted her first motion for reallocation should now constitute a change of circumstances as contemplated in R.C. 3109.04(E)(1)(a). The trial court held that since the decision to award custody to appellant was reversed in 2001, the trial court did "not believe that an improper change of custody can be bootstrapped into a change of circumstances."
 {¶ 21} As we previously discussed, R.C. 3109.04(E)(1)(a) states that the trial court shall not modify a prior decree allocating parental rights and responsibilities unless it finds, based on facts that have arisen since the prior decree or were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, and that the modification is necessary to serve the best interests of the child.
 {¶ 22} R.C. 3109.04 requires only a finding of a change in circumstances before a trial court can determine the best interest of the child in considering a change of custody. Davisv. Flickinger, 77 Ohio St.3d 415, 417, 1997-Ohio-260. The change must be a change of substance, not a slight or inconsequential change. Id. at 418. If a trial court finds no change of circumstances, it has no reason to proceed further and inquire into the child's best interest. Bauer v. Bauer, Clermont App. No. CA2002-10-083, 2003-Ohio-2552, ¶ 27; see Wilburn v.Wilburn, 144 Ohio App.3d at 288.
 {¶ 23} After reviewing the record, we cannot say that the trial court abused its discretion when it determined that the child's time in New York before the custody decision was overturned did not constitute a change of circumstances.
 {¶ 24} This court previously determined that the trial court did not have the authority to modify custody to mother when she had not shown a change of circumstances of the child or his custodian. Therefore, the trial court did not abuse its discretion in refusing to allow this custody time, as erroneously granted, to establish the legal basis for a finding of a change of circumstances from the initial decree. Appellant's second assignment of error is overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "The trial court erred in not finding that the reallocation of custody was in the child's best interest pursuant to Ohio Revised Code § 3109.04(E)(1)(a)."
 {¶ 27} Under this assignment of error, appellant lists the best interest factors of R.C. 3109.04(F)(1)(a)-(j), and discusses the evidence in support of those factors. Appellant argues that a review of these factors would reveal that placement with appellant would be in her son's best interest. Appellant specifically points to such factors as the child's school grades upon return to Ohio, his weight loss, eating habits, choice of entertainment, sleeping arrangements, and the communication problems over visitation.
 {¶ 28} The trial court indicated that it did not find a change of circumstances. However, the trial court then stated, "Even if somehow the facts herein can give rise to a change of circumstances, this Court finds that it is in the best interest of the child to remain with Grandmother [Gibbs]."
 {¶ 29} As we previously discussed, a trial court will not reach the best interest analysis if a change of circumstances was not found. Bauer, 2003-Ohio-2552. Therefore, the trial court's discussion of the best interest factors was superfluous to this case. The trial court did not abuse its discretion in making its custody decisions in this case. Appellant's third assignment of error is overruled.
 {¶ 30} Assignment of Error No. 4:
 {¶ 31} "The trial court erred in taking into account an incomplete guardian ad litem report."
 {¶ 32} Appellant argues that the guardian ad litem's ("GAL") report was incomplete because the GAL did not visit appellant's home in New York, talk with friends and relatives in New York, or view the interaction between appellant and child. Appellant argues that the trial court did not consider this "deficit" in the report in making its best interest analysis.
 {¶ 33} First, we cannot locate any indication in the record that the trial court was unaware of the scope of the GAL report. Further, based upon our determination that a best interest analysis was not required under the facts of this case, we cannot say that the trial court erred in its use of the GAL report. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Powell, J., concur.
[1] James D. Kenney filed a motion for reallocation of parental rights in the trial court below, but did not pursue an appeal of the trial court's decision.
[2] The trial court also engaged in a best interest analysis after noting, "if somehow the facts herein can give rise to a change of circumstances."