OPINION
{¶ 1} Plaintiff-appellant, Ann M. Valentine, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, to modify parental rights and name defendant-appellee, Charles E. Valentine ("Mr. Valentine"), as residential parent of their children. We affirm the change of custody, but reverse the order of child support and remand to the trial court.
 {¶ 2} Appellant and Mr. Valentine were divorced in 2003, and appellant was named primary residential parent and legal custodian of the couple's two minor children, then five and three years of age, respectively. Mr. Valentine was granted specific parenting time.
 {¶ 3} In June 2004, Mr. Valentine filed a motion for contempt against appellant regarding visitation issues, and a motion for a "change of circumstances," requesting that the trial court consider a change of visitation or of custody. The trial court heard both the contempt and change of circumstances issues at the same hearing.
 {¶ 4} The trial court found a change of circumstances and, after separate hearings, found it in the best interests of the children to change the residential custodian from appellant to Mr. Valentine. Appellant appeals the trial court's decision on custody and child support, presenting four assignments of error.
 {¶ 5} Appellant's first three assignments of error deal with the trial court's modification of custody. Because custody issues are some of the "most difficult and agonizing decisions a trial judge must make[,]" a trial court must have wide latitude in considering all the evidence before it, and such decision must not be reversed absent an abuse of discretion. Davis v. Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260. The term abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} In determining whether a change of custody is warranted, a court must follow R.C. 3109.04, which provides, in pertinent part, that the court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, and that the modification is necessary to serve the best interest of the child. R.C.3109.04(E)(1)(a). In applying these standards, the court shall retain the residential parent designated in the prior decree, unless a modification is in the child's best interest and, pertinent here, the harm likely to be caused by the change of environment is outweighed by the advantages of the change. R.C. 3109.04(E)(1)(a)(iii).
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT'S GRANTING OF DEFENDANT'S MOTION FOR CHANGE OF CIRCUMSTANCES CONSTITUTES AN ABUSE OF DISCRETION."
 {¶ 9} Although R.C. 3109.04 does not provide a definition of the phrase "change in circumstances," courts have generally held that the phrase is intended to represent an event, occurrence, or situation which has a material and adverse effect upon a child. Elam v. Elam (Dec. 10, 2001), Butler App. No. CA2001-02-028.
 {¶ 10} Under this assignment of error, appellant specifically disputes the trial court's finding that both parents testified that their progressively problematical relationship was negatively affecting their children.
 {¶ 11} It is apparent from the record that these parents have found little common ground upon which they can agree and have expressed their animosity toward each other through post-decree motions and proceedings. The most recent court proceedings principally focused on whether appellant interfered with Mr. Valentine's parenting time. In addition to involving the trial court with motions, both parents have asked police officers to intercede in disputes that have arisen at the police department where the visitation exchange takes place.
 {¶ 12} Mr. Valentine testified that, as the children grow older, they know what is "going on" between the parents and "don't like it." The mother testified earlier during the contempt portion of the hearing that she kept the children away from the parental arguments at the visitation exchange because "this whole thing is not good for the kids."
 {¶ 13} The trial court noted that despite its attempts to foster parental cooperation through court orders, admonitions, and contempt citations, appellant had interfered in Mr. Valentine's parenting time and the children were being negatively impacted by the parents' ongoing difficulties. Clark v. Smith (1998), 130 Ohio App.3d 648, 654-655
(repeated interference by the custodial parent with the non-custodial parent's visitation may constitute a change of circumstances under R.C.3109.04 because it affects the best interest of the child); Sabins v.Sabins (Apr. 27, 2001), Montgomery App. No. 18616 (may amount to a change of circumstances under R.C. 3109.04 where custodial parent repeatedly interferes with the non-custodial parent's visitation, and change of circumstances may occur where custodial parent continues to interfere with visitation after trial court previously warned parent to cease);Mitchell v. Mitchell (1998), 126 Ohio App.3d 500.
 {¶ 14} We have reviewed the evidence in the record and cannot say that the trial court abused its discretion in finding a change of circumstances.[1] Appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT'S BEST INTEREST HOLDING AND CHANGE OF CUSTODY [SIC] CONSTITUTES AN ABUSE OF DISCRETION."
 {¶ 17} R.C. 3109.04(F)(1) states, in pertinent part, that a trial court shall consider all relevant factors, including ten listed in the statute, in determining the best interests of the child for a modification of parental rights and responsibilities.
 {¶ 18} In reviewing those factors, the trial court found that both parents expressed the desire to be residential parent and both parties possessed the physical and mental capabilities to care for the children. R.C. 3109.04(F)(1)(a) and (e). The trial court found that the children are bonded to both parents, that the children have adjusted to both homes and communities, and to the other individuals residing in the respective homes. R.C. 3109.04(F)(1)(c) and (d).
 {¶ 19} The trial court found that Mr. Valentine was clearly the parent who would honor and facilitate parenting time and companionship rights, and found that appellant will not honor parenting time. R.C.3109.04(F)(1)(f).
 {¶ 20} The trial court noted that Mr. Valentine was in arrears on his child support payments. R.C. 3109.04(F)(1)(g). The trial court also indicated that both parties had filed domestic violence actions against each other in Ohio and that some allegations were made in New Jersey. See R.C. 3109.04(F)(1)(h). However, no evidence was provided to this court concerning the nature or resolution of either of those issues mentioned by the trial court.
 {¶ 21} The trial court further found that appellant had continuously and willfully violated the orders of the trial court regarding parenting time. R.C. 3109.04(F)(1)(i).
 {¶ 22} The trial court also discussed the report and testimony of the children's guardian ad litem ("GAL"). The GAL recommended that the children remain with appellant and raised numerous questions about Mr. Valentine and Mr. Valentine's current wife, as caretakers of the children's special needs.
 {¶ 23} In her brief, appellant principally relies upon the GAL's report and testimony to attack the trial court's best interest determination. The report of a GAL serves as an aid to the trial court and is one factor the court must consider when allocating parental rights and responsibilities. Marsh v. Marsh (July 30, 2001), Butler App. No. CA2000-07-138; see Charles H.H. v. Marie S., Lucas App. No. L-02-1312, 2003-Ohio-3094, ¶ 6 (a trial court must determine the GAL's credibility and determine the weight to be given to any report, and is not bound by the GAL's recommendation).
 {¶ 24} While we acknowledge that the GAL and the trial court held different views of the evidence presented, the ultimate decision is for the trial judge and not a representative of the children. Warnecke v.Warnecke, Putnam App. No. 12-2000-10, 2001-Ohio-2135.
 {¶ 25} We are mindful that the knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74. A reviewing court should be guided by the presumption that the trial court's findings were indeed correct. Id.
 {¶ 26} After reviewing the record in light of the factors listed in R.C. 3109.04(F)(1), we find that there was some competent evidence to support the trial court's determination that the custody modification served the best interests of the children. We find that the trial court did not abuse its discretion in its decision. Appellant's second assignment of error is overruled.
 {¶ 27} Assignment of Error No. 3:
 {¶ 28} "THE TRIAL COURT'S DETERMINATION THAT THE HARM OF MOVING THE CHILDREN WAS OUTWEIGHED BY THE ADVANTAGES CONSTITUTES AN ABUSE OF DISCRETION."
 {¶ 29} The trial court issued an amended decision indicating that it found that the harm likely to be caused by a change of environment was outweighed by the advantages of the change of environment to the children. R.C. 3109.04(E)(1)(a) (iii). Appellant again cites to the GAL report and testimony to refute the trial court's finding. Specifically, the GAL testified she would not gamble with the children and Mr. Valentine was an "unknown" concerning his ability to care for his children's special needs.
 {¶ 30} As we previously noted, the appellate court must keep in mind that the trial court is better equipped to examine and weigh the evidence and to make decisions concerning custody, Miller v. Miller,37 Ohio St.3d at 74. The trial court reviewed the circumstances, strengths and weaknesses of both parties and determined that it was in the best interests to change custody, and that the harm from the change was outweighed by the advantages. There is evidence in the record to support the trial court's findings. We find no abuse of discretion in the trial court's determination. Appellant's third assignment of error is overruled.
 {¶ 31} Assignment of Error No. 4:
 {¶ 32} "THE TRIAL COURT'S CHILD SUPPORT CALCULATION IS FACTUALLY IN ERROR AND THE COURT INDICATED TO APPELLANT THAT HER ATTORNEY WOULD HAVE TO TAKE IT UP WITH THE TWELFTH DISTRICT. [SIC]"
 {¶ 33} The focus of appellant's rather atypical assignment of error is that the trial court failed to consider Mr. Valentine's military pension when calculating its order for child support to be paid by appellant, while it did so for its original order of support when Mr. Valentine was ordered to pay support. After reviewing the record, we agree with appellant and reverse the child support order and remand for further proceedings on the issue of child support. See R.C. 3119.02; R.C. 3119.05; R.C. 3119.022. Appellant's fourth assignment of error is sustained.
 {¶ 34} Judgment affirmed in part, and reversed in part on the order of child support, and remanded to the trial court for proceedings consistent with this opinion.
Walsh, P.J., and Bressler, J., concur.
[1] Appellant includes in her change of circumstances argument a discussion of the testimony of the guardian ad litem ("GAL") for the children. However, the GAL had not been appointed at this stage of the proceedings and did not testify at the change of circumstances hearing.