[Cite as *Atkins v. Stevens*, 2012-Ohio-6177.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| RICHARD SCOTT ATKINS, | : | CASE NO. CA2012-04-009 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>12/28/2012 |
| - vs - | : | |
| | : | |
| DIANDRA DEE STEVENS, | : | |
| Defendant-Appellant. | : | |

CIVIL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DRK 20030063

John S. Mengle, 42 East Silver Street, Lebanon, Ohio 45036-1804, for plaintiff-appellee

Michael J. Davis, 8567 Mason-Montgomery Road, P.O. Box 1025, Mason, Ohio 45040, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} A mother challenges on appeal a custody change naming the children's father residential parent and legal custodian of the couple's two minor children. We affirm the judgment, finding the Clinton County Domestic Relations Court did not abuse its discretion in making this difficult custody modification.

{¶ 2} A review of the record reveals that mother, Diandra Dee Stevens, and father,

Richard Scott Atkins, were divorced in 2004. The Clinton County Domestic Relations Court named mother residential parent and legal custodian of the couple's two children, a son and daughter, born in 1999 and 2001, respectively; father received parenting time.

{¶ 3} In 2007, father moved to modify parental rights, requesting the court name him residential parent and legal custodian. Mother also moved to modify custody, seeking to reduce father's parenting time to every other weekend. Both parents alleged a change of circumstances necessitated the modification—namely the mounting issues associated with the significant developmental and behavioral concerns for the two minor children affected by autism.

{¶ 4} An evidentiary hearing on the parents' respective motions was not held until July 2011. The trial court indicated on the record that, after the motions were filed, it ordered family evaluations and repeatedly continued the case because the court was informed that the parties were engaged in mediation, court-ordered counseling, or settlement negotiations. To the dismay of the trial court – and this court – the lengthy delays resulted in no resolution of the pertinent issues.

{¶ 5} At the evidentiary hearing, the magistrate heard the testimony of or received reports from numerous witnesses. The magistrate found that naming father residential parent and legal custodian was in the children's best interests, and granted father's motion. The trial court overruled mother's objections and adopted the magistrate's decision. In its entry, the trial court also reiterated the parenting time schedule that granted mother parenting time every week and every other weekend. Mother now appeals, raising a single assignment of error for our review.

{¶ 6} Assignment of Error:

{¶ 7} THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN GRANTING FATHER'S REQUEST TO REALLOCATE PARENTAL

RIGHTS AND RESPONSIBILITIES OF THE PARTIES' MINOR CHILDREN AND IN DESIGNATING FATHER THE RESIDENTIAL PARENT, AS SAME WAS NOT IN THE BEST INTERESTS OF THE MINOR CHILDREN[.]

{¶ 8}   Mother argues the trial court's findings are not supported by the evidence and the court failed to properly consider the harm and negative impact on the children from father assuming custody and enrolling the son in a public school and changing the daughter's public school.

{¶ 9}   In providing below a brief summation of the general stances of the mother and father, we emphasize that we do not underestimate nor are we indifferent to the many nuances in this complex case.  At the evidentiary hearing, mother wanted to continue the home-based services she initiated for the son years previously, with some in-house services for her daughter, who is also attending a Clinton County school.  Mother argued that some of the funding for these home-based services would be lost if the son attended public school, and she did not believe a public school could meet the son's needs.

{¶ 10} Father claimed he did not have the same sort of difficulties as mother in handing the son's behavioral issues and was concerned that the son is in a "rigid" environment at mother's home and was not learning socialization skills.  Father wanted to send both children to a specific school with autism services in the district where he lives.

{¶ 11} In determining whether a change of custody is warranted, a court must follow R.C. 3109.04, which provides, in pertinent part, that the court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his residential parent, and that the modification is necessary to serve the best interest of the child.  R.C. 3109.04(E)(1)(a); *Fisher v. Hasenjager*, 116 Ohio St. 3d 53, 2007-Ohio-5589,

syllabus; *Valentine v. Valentine*, 12th Dist. No. CA2004-12-314, 2005-Ohio-6163, ¶ 6.

{¶ 12} In applying these standards, the court shall retain the residential parent designated in the prior decree, unless a modification is in the child's best interest and, as pertinent here, the harm likely to be caused by the change of environment is outweighed by the advantages of the change. R.C. 3109.04(E)(1)(a)(iii); *Valentine*.

{¶ 13} This court will not reverse a trial court's decision to allocate parental rights and responsibilities where the record contains substantial credible and competent evidence to support the trial court's decision. *See Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

{¶ 14} Because custody issues are some of the "most difficult and agonizing decisions a trial judge must make[,]" a trial court must have wide latitude in considering all the evidence before it, and its decision must not be reversed absent an abuse of discretion. *Valentine* at ¶ 5, quoting *Flickinger* at 418 (discretion trial court enjoys in custody matters should be accorded utmost respect, given the nature of the proceeding and impact court's determination has on the lives of the parties concerned); *Kenney v. Kenney*, 12th Dist. No. CA2003-07-078, 2004-Ohio-3912, ¶ 6. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} In the case at bar, the magistrate found a change of circumstances. This finding focused on the diagnosis of autism for both children and the severity of the children's conditions, including the daughter's behavior of harming herself and the son's three hospitalizations for behavioral issues, which reportedly included aggression toward others, and self-harm. It does not appear the change of circumstances determination is contested.

{¶ 16} As previously noted, once a change in circumstances has been established, the trial court can modify custody only if the modification is necessary to serve the best interest of the child. *In re R.A.S.*, 12th Dist. No. CA2011-09-102, 2012-Ohio-2260, ¶ 30.

{¶ 17} R.C. 3109.04(F)(1) contains a number of factors to assist the trial court in determining the best interests of a child, including, but not limited to, such factors as the wishes of the parents, the interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest, the child's adjustment to the child's home, school, and community; and the mental and physical health of all persons involved.

{¶ 18} The magistrate issued a 19-page decision that found a change of circumstances, and found that the harm likely to be caused to the children by the change of environment is outweighed by the advantages of the change. The magistrate specifically outlined the R.C. 3109.04(F) best interest factors and made findings of fact related to each of the factors the magistrate found applicable.

{¶ 19} We have reviewed the record in this case, including the magistrate's decision adopted by the trial court, the trial court's separate entry, the lengthy hearing transcript, and the numerous exhibits offered at the hearing. We are mindful that we must defer to the findings of the trial court because it was best able to view the witnesses and observe their demeanor, and use these observations in weighing the credibility of the testimony. *Flickinger*, 77 Ohio St. 3d at 418-419. An appellate court may not merely substitute its judgment for that of the trial court. *Baxter v. Baxter*, 27 Ohio St. 2d 168, 172-73 (1971). However, the discretion of the trial court is not unlimited and is subject to reversal upon the basis of a showing of an abuse of discretion. *Id.*

{¶ 20} The trial court in this case had a difficult, indeed, heartrending decision to make. We find that substantial competent, credible evidence supports the trial court's decision, and the trial court did not abuse its discretion in making its determination. Mother's single assignment of error is overruled.

{¶ 21} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.