[Cite as *In re G.M.*, 2017-Ohio-8144.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

IN THE MATTER OF: G.M. : **O P I N I O N**

:

CASE NO. 2016-T-0027

Appeal from the Trumbull County Court of Common Pleas, Juvenile Division, Case No. 2009 JP 00064.

Judgment: Affirmed.

*Christopher A. Maruca*, The Maruca Law Firm, LLC, 201 E. Commerce Street, Suite #316, Youngstown, OH 44503 (For Appellant).

*Daniel G. Keating*, Keating, Keating & Kuzman, 170 Monroe Street, N.W., Warren, OH 44483 (For Appellee).

*Roklyn M. DePerro Turner*, 3685 Stutz Drive, Suite #100, Canfield, OH 44406 (Guardian ad litem).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Benjamin Ward, appeals the trial court's denial of his motion to reallocate the parties' parental rights. He maintains that the trial court erred in finding there was no change of circumstances. We affirm.

{¶2} G.M. was born on February 5, 2009. Appellee is her mother and appellant is her father.

{¶3} Early on, the parties filed motions for the initial allocation of parental rights and ultimately resolved all issues. In an agreed judgment entry, appellee was designated as the child's residential parent and legal custodian. As to visitation, the parties agreed that, every other week, appellant would have G.M. from Thursday at 6:00 p.m. through the following Tuesday at 3:30 p.m. They also agreed that they would confer with each other on all non-emergency medical issues involving G.M., and each parent would give the other advanced notice of any scheduled medical appointments.

{¶4} In August 2013, appellee informed appellant that she was taking steps to enroll G.M. in a preschool program funded by Head Start. According to appellee, G.M. needed preschool to prepare her for kindergarten, improve her speech, and develop her social skills. Appellee also told appellant that, since G.M. would be attending preschool five days a week, it would be necessary to modify his visitation to every other weekend. She asked him to execute a document, prepared by her attorney, acknowledging that he could no longer have visitation on school days.

{¶5} Appellant refused to sign the document, arguing that the child did not need the preschool program and his visitation rights should remain the same until she began kindergarten. Therefore, consistent with his prior behavior, he went to appellee's home on the first Thursday after Labor Day, expecting to pick up G.M. for her typical five-day visit. Appellee and G.M. were not there. Furthermore, appellee did not return any of appellant's phone calls over the next few days. He was, therefore, unable to see the child throughout the entire five-day period.

{¶6} Over the next three months, that pattern of behavior continued: appellant would try to pick G.M. up every other Thursday, and appellee would refuse to release the child into his custody. Thereafter, appellant moved the trial court to reallocate

parental rights and designate him as the residential parent and legal custodian. In addition to asserting the preschool issue, he also alleged that appellee was continuing to make decisions about the child's health without conferring with him and was not providing proper notice of scheduled medical appointments.

{¶7} The initial hearing on the motion was scheduled for October 30, 2013. Due to service issues, that hearing was postponed until December 17, 2013. On that date, a court magistrate appointed a guardian ad litem to investigate the "parenting time" problems and ordered the parties to follow the existing visitation order until a final decision was issued. In light of the latter order, appellee immediately moved the trial court to modify appellant's visitation so that G.M. would be able to attend preschool.

{¶8} An evidentiary hearing on the two pending motions was held on February 5, 2015 and June 11, 2015. The magistrate also conducted an in camera interview with the child on September 16, 2015. After receiving the guardian ad litem's final report, the magistrate issued his decision on November 23, 2015, recommending that judgment be entered in favor of appellee on both motions. First, the magistrate found that appellant failed to prove a change of circumstances warranting a modification of custody; as a result, appellee would remain residential parent and legal custodian. Second, the magistrate found that the best interest of the child dictated that appellant's visitation rights be modified so that, during the school year, he would have custody of her two weekends each month.

{¶9} On the same date this decision was released, the trial court issued its own judgment approving the decision and restating the magistrate's rulings on both pending motions. Two weeks later, appellant filed objections to the decision, arguing that the magistrate's finding as to no change of circumstances was not supported by the

3

evidence. He asserted that appellee's own testimony established that she violated the existing visitation provision for a three-month period when she refused to permit him to take G.M. on Thursday and return her the next Tuesday.

{¶10} After a transcript of the evidentiary hearing was filed, the trial court issued a second judgment overruling appellant's objection to the "no change of circumstances" finding. Thus, the trial court upheld its prior determination denying appellant's motion to reallocate parental rights.

{¶11} In appealing the second judgment, appellant asserts one assignment for review:

{¶12} "The trial court and the magistrate abused their discretion in failing to find that a change in circumstances had occurred, despite the overwhelming weight of the evidence."

{¶13} In maintaining that the trial court erred by not engaging in a "best interest" analysis to determine if he should be residential parent, appellant contends that appellee's willful violation of the custody order establishes a change of circumstance. In part, he notes that the trial court found appellee guilty of contempt for violating the custody order.

{¶14} A juvenile court has the exclusive authority to decide custody issues when the child is not a ward of another Ohio court. *Robinson v. Guitierrez*, 3rd Dist. Logan No 8-16-11, 2017-Ohio-39, ¶15, quoting *Redmond v. Davis*, 7th Dist. Columbiana No. 14 Co. 37, 2015-Ohio-1198, ¶33. In exercising this jurisdiction, the juvenile court must act in accordance with the provisions of R.C. 3109.04. *Id.*, citing R.C. 2151.23(F)(1). As to the reallocation of parental rights, R.C. 3109.04(E)(1)(a) states the governing standard:

{¶15} "The court shall not modify a prior decree allocating parental rights and

4

responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior parenting decree, unless a modification is in the best interest of the child and one of the following applies:

{¶16} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

{¶17} "(ii) The child, with the consent of the residential parent or both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

{¶18} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

{¶19} The statute sets forth a two-step process for deciding motions to modify child custody. The threshold issue/step is whether the circumstances of the child or the residential parent have changed. *Robinson*, 2017-Ohio-39, at ¶27. Given that the term "change of circumstances" is not statutorily defined, case law states that "the phrase is intended to represent an event, occurrence, or situation which has a material and adverse effect upon a child." *Valentine v. Valentine*, 12th Dist. Butler No. CA2004-12-314, 2005-Ohio-6163, ¶9. To constitute a proper basis for reallocating parental rights, the change of circumstances cannot be slight or inconsequential, but must be of

5

substance. *Sheppeard v. Brown*, 2d Dist. Clark No. 2017-CA-43, 2008-Ohio-203, ¶15.

**{¶20}** "'It is well settled that a custodial parent's interference with visitation by a noncustodial parent may be considered a "change of circumstances" which would allow for a modification of custody.' *Wilburn v. Wilburn* (2001), 144 Ohio App.3d 279, 760 N.E.2d 7, quoting *Mitchell v. Mitchell* (1998), 126 Ohio App.3d 500, 710 N.E.2d 793." *Id.* at ¶18. *See, also, Robinson*, 2017-Ohio-39, at ¶31; *Valentine*, 2005-Ohio-6163, at ¶13.

**{¶21}** It is undisputed that appellee interfered with visitation. In the trial court's judgment overruling appellant's objections to the change-of-circumstances finding, the court reversed the magistrate's finding that appellee was not guilty of contempt for violating the visitation provision. During appellee's testimony, she admitted she did not allow visitation between appellant and the child on numerous occasions throughout the fall of 2013 as ordered, but instead, offered alternative visitation.

**{¶22}** However, that appellee was guilty of contempt does not necessarily constitute a "change of circumstances." The reason for appellee's actions must be contextually considered. Appellee did not send their child to preschool to deny appellant visitation. As noted, when appellee informed appellant of her preschool decision, she offered alternative visitation.

**{¶23}** Moreover, in sending G.M. to preschool, appellee was acting in the child's best interests. Appellant believed that the preschool program would be beneficial for G.M. to improve her speech, develop her social skills, and prepare her for kindergarten. Given that G.M. was working with a speech therapist and was not spending much time with children her age, the preschool decision was reasonable. Also, in making the decision, appellee was exercising her schooling rights as the custodial parent.

{¶24} "The standard of review for a determination of whether there has been a change of circumstances is abuse of discretion. *Davis v, Flickinger* (1997), 77 Ohio St.3d 415, 674 N.E.2d 1159. When applying an abuse of discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E. 2d 1181. * * * This highly deferential standard of review rests on the premise that the trial judge is in the best position to determine the credibility of witnesses because he or she is able to observe their demeanor, gestures, and attitude. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.3d 1273." *Wine v. Wine*, 5th Dist. Delaware No. 04 CA F 10068, 2005-Ohio-975, ¶25.

{¶25} It is reasonable to conclude that there is little risk that appellee will fail to follow court orders in the future. The court's no change-of-circumstances finding, therefore, is not an abuse of discretion.

{¶26} Appellant's sole assignment lacks merit. The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.


CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.


_____


COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶27} I concur with the majority's well-written opinion but write separately to note that parenting plans, companionship orders or standard visitation orders have multiple

7

conditions and requirements, all of which are designed to document the various rights and responsibilities of the parents. Parenting time is an important part of the case plan. The custodial parent is charged with balancing school, medical appointments, social activities and developmental matters under the plan. The parents are charged with acting in good faith to coordinate with the other parent. Mother's good faith offer of an alternative time for the child to attend pre-school was consistent with the requirements of cooperation contained in the parenting plan and does not amount to contempt.