[Cite as *In re Guardianship of Atkins*, 2019-Ohio-2276.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| THE GUARDIANSHIP OF DAVID SCOTT ATKINS | : | CASE NO. CA2018-08-061 |
| | : | O P I N I O N<br>6/10/2019 |
| | : | |
| | : | |
| | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 2017 GI 1416

Durkee & Uhle, LLC, Richard B. Uhle, Jr., 284 North Street, Batavia, Ohio 45103, for appellee

Mark J. Tekulve, 785 Ohio Pike, Cincinnati, Ohio 45245, for appellant

**PIPER, J.**

{¶ 1} Appellant, Diandra Stevens, appeals a decision of the Clermont County Court of Common Pleas, Probate Division, appointing appellee, Scott Atkins, guardian of the couple's child.

{¶ 2} Diandra and Scott were married, and had two children before divorcing in 2004. Both children are autistic and require special care. Following the divorce, Diandra was

designated custodial parent of both children. However, five years later, Scott was granted custody of the children and each parent had approximately equal parenting time. Diandra appealed the change of custody, and this court affirmed. *Atkins v. Stevens*, 12th Dist. Clinton No. CA2012-04-009, 2012-Ohio-6177.

{¶ 3} When the parties' older child, David, turned 18, Diandra filed an application in the probate court to be appointed his guardian. The parties agree that David requires a guardian because he is unable to care for himself given his degree of autism. However, Scott also applied to be appointed his guardian. The matter was therefore litigated before a magistrate. During the hearing, both parties submitted medical records, expert evaluations, and testimony from lay witnesses.

{¶ 4} The magistrate issued a decision appointing Scott guardian. Diandra then filed objections to the magistrate's decision, which were overruled by the probate court. Diandra now appeals the probate court's decision, raising the following assignments of error, which we will combine for discussion as the issues are interrelated.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN APPOINTING APPELLEE AS GUARDIAN.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT'S DETERMINATION THAT APPELLEE WAS THE MORE SUITABLE PERSON TO BE GUARDIAN WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 9} Diandra argues in her assignments of error that the probate court erred in appointing Scott as David's guardian because the decision is against the manifest weight of the evidence.

{¶ 10} In matters relating to guardianship, the probate court is required to act in the

best interest of the ward. *In re Guardianship of Collins*, 12th Dist. Warren No. CA2013-08-072, 2014-Ohio-5750, ¶ 9. A probate court has broad discretion in appointing guardians, and decisions regarding the appointment of a guardian will not be reversed on appeal absent an abuse of discretion. *In re Smith*, 12th Dist. Butler No. CA2013-09-165, 2014-Ohio-2119, ¶ 19. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *In re E.S.K.*, 12th Dist. Clermont No. CA2018-07-053, 2019-Ohio-1588, ¶ 41.

{¶ 11} When determining whether a court's decision is against the manifest weight of the evidence, an appellate court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. *In re S.M.*, 12th Dist. Warren Nos. CA2018-08-088 thru CA2018-08-091 and CA2018-08-094 thru CA2018-08-097, 2019-Ohio-198, ¶ 16. The presumption in weighing the evidence is in favor of the finder of fact. *In re C.Y.*, 12th Dist. Butler Nos. CA2014-11-231 and CA2014-11-236 thru CA2014-11-238, 2015-Ohio-1343, ¶ 25. If the evidence is susceptible to more than one construction, an appellate court is bound to give the evidence the interpretation that is consistent with the judgment. *In re K.M.*, 12th Dist. Butler No. CA2019-01-015, 2019-Ohio-1833, ¶ 46.

{¶ 12} Diandra argues that the probate court's decision was against the manifest weight of the evidence, and thus an abuse of discretion, because, among other things, the court failed to apply proper weight to: Scott's past criminal history, Scott's denial of Diandra's parenting time, and Scott's failure to keep David current on his vaccinations. Diandra also asserts that she would make a better guardian for David given her education and profession, which includes assisting those with autism. However, a review of the record indicates that the probate court's decision was not against the manifest weight of the evidence and that no

abuse of discretion occurred.

{¶ 13} The evidence at the hearing showed that David had been in Scott's custody for six years and had progressed in his behavioral issues since Scott placed David in a public-school program. For example, when David first started the program, he exhibited 100 minutes a day of aggressive behavior, which had since decreased to 20 minutes for the entire quarter. Scott continually assisted with David's education and employed, at his own expense, several experts to guide him, including an education attorney and a behavioral analyst. The evidence demonstrates that David has done well, and continues to do well regarding education and ongoing care.

{¶ 14} Diandra asserts that the court did not give enough weight to the fact that Scott was convicted of OVI and domestic violence in 2002 and 2004 respectively. However, Scott has not been a repeat offender, and there was no evidence that Scott is violent or has trouble with alcohol. The probate court determined that Scott's having no convictions in the interim 14 years demonstrates that he has "dealt appropriately with these issues and that this is not a recurring pattern of behavior." We agree and find no abuse of discretion in the probate court's finding. Diandra was unable to produce any evidence that Scott continues to engage in domestic violence or that he has a problem with alcohol or that Scott's past behavior negatively impacts David.

{¶ 15} While Diandra does not believe the court gave enough consideration to her education and professional knowledge, the record indicates that the court considered that Diandra is well educated and has professional knowledge of autism. However, the court noted that "there are other factors besides education that go into the determination of guardianship." We agree.

{¶ 16} The record establishes that David needs structure in his life, and has had such while in Scott's care. While in Scott's custody, David's behavior improved greatly as

- 4 -

evidenced by David's interaction with peers, an increased ability to handle his emotions, and a decrease in self-harming behavior. David has not required hospitalization for any behavior-related issues since custody was transferred to Scott, which is an important measure of David's well-being. These strides were made because of the resources Scott implemented for his son. The court noted that Scott, though he lacks the same formal education as Diandra, was "more open, flexible and focused on David as a person than [Diandra]."

{¶ 17} The record also demonstrates that despite Diandra's education and work experience, Scott was the parent more likely to be transparent when communicating with the other parent regarding David. While Diandra testified that Scott withheld parenting time from her and that she would facilitate shared parenting time, Scott testified that he experienced lack of communication and parenting time because of Diandra. The court found Scott more "open and his testimony to be more straightforward" than Diandra. We will not disturb that credibility determination.

{¶ 18} Nor will we disturb the first-hand observation of the court that "the temperament and demeanor displayed by [Scott] is more consistent with that which is required to discharge the fiduciary duties of a guardian than that displayed by [Diandra]." The court heard evidence that Diandra has shown a tendency to overreact in response to some issues and reacts too quickly to other issues to gain control over David or his medical needs. As noted earlier, David requires consistency and structure in his life, and Scott had provided such for the six years prior to the hearing date while maintaining an appropriate disposition in handling his son's holistic care.

{¶ 19} We note the record contains an abundance of information that both parents are attentive, compassionate, and obviously have great concern for David's continued well-being and development. However, the depth of their commitment to David also demonstrates a continued disagreement regarding David's treatment and needs. As such, a single guardian

is in David's best interest. Based on the evidence and testimony from the hearing, the probate court determined that Scott was the more "appropriate person to tend to David's best interests." We find no abuse of discretion in this decision, as such was supported by the manifest weight of the evidence. Diandra's two assignments of error are therefore overruled.

**{¶ 20}** Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.