[Cite as *In re C.M.H.*, 2021-Ohio-3979.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

C.M.H.

| | |
|---|---|
| **CASE NO. 2021-T-0016** | |

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2019 JC 00073

## O P I N I O N

Decided: November 8, 2021
Judgment: Affirmed

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, Ohio 44503 (for Appellant, Jamie M. Hubbard).

*Mark M. Mikhaiel*, Schneider, Smeltz, Spieth, Bell, LLP, 1375 East Ninth Street, Suite 900, Cleveland, Ohio 44114 (for Appellee, Autumn Roche).

*John A. Ams*, 134 Westchester Drive, Suite 1, Youngstown, Ohio 44515 (Guardian Ad Litem).

JOHN J. EKLUND, J.

{¶1} Appellant, the father, appeals the September 3, 2020, Judgment Entry of the Trumbull County Court of Common Pleas, Juvenile Division adopting the magistrate's decision reallocating parental rights. Finding no reversable error, we affirm.

{¶2} Appellant and Appellee, the mother, are the parents of a minor child, C.M.H, DOB 8/12/2014. Both parties previously resided in Colorado where the court in that state issued an order relative to parenting rights on April 2, 2018, nunc pro tunc to January 11, 2018. The parties registered the Colorado order in Ohio as a foreign custody order on

October 9, 2019. The Colorado order stated that at the time order, appellee was planning to move to Connecticut. In that order, the court said that it did not find appellee credible and believed that she was creating a false narrative surrounding appellant's suitability as a parent. Nevertheless, the court expressed throughout the order that it was in the minor child's best interest for both parents to have joint decision making. The court said that "[b]eginning in August 7, 2017, when the parties separated, they implemented a 4-3-3-4 parenting plan with joint decision making. The evidence was clear that [C.M.H.] has thrived in every respect under that plan. She is a happy, healthy, little girl who is closely bonded with both of her parents and is comfortable and at ease in both of their homes."

{¶3} The Colorado court concluded that it would be in the best interest of the child "assuming that Mother will move to Connecticut[1], for [C.M.H.] to live primarily with her Father * * *." The court's footnote one considered the alternative if appellee stayed in Colorado and provided that the parent's previously agreed upon Memorandum of Understanding would control. The Memorandum of Understanding between the parties reflected that the parties "agree to joint decision-making on all major issues." The court further said that it was in C.M.H.'s "best interests for her parents to work together to make the major decisions in her life."

{¶4} After the court in Colorado issued the parenting order, appellee moved to Connecticut as anticipated, and appellant maintained primary custody and decision making. Subsequently, appellant moved to Ohio. Appellee later moved to Ohio to be close to the minor child. On July 29, 2019, appellee filed a complaint in Ohio to Modify the Allocation of Parental Rights and Responsibilities and Modification for Parenting Time. Appellant later filed a counterclaim for reallocation of parental rights.

2

{¶5} After a two-day hearing, the trial court in Ohio issued a magistrate's decision and found that the Colorado order fit within the Ohio statutory scheme as "a shared parenting plan under Ohio due to the fact that some of the aspects of the child's legal care have been allocated to both parents by the Colorado decree by its order of joint decision-making." The court considered the factors set forth in R.C. 3109.04(F)(1)(a) through (j) and determined that it was not in the best interest of the child to terminate the Colorado shared parenting decree pursuant to R.C. 3109.04(E)(2)(c). However, pursuant to R.C. 3109.04(E)(1), the court concluded that "a change in circumstances has occurred since the previous decree, that a modification of the allocation of parental rights and responsibilities under the shared parenting decree is in the child's best interest, and that the benefits resulting from the modification outweigh any harm likely to be caused by a change of environment."

{¶6} The court said that the basis of the change in circumstances was that

> A significant change has clearly occurred in the circumstances of both parents and the minor child. As stated, since the entry of the last order, both parties have shown some instability in their lives. The parents and the child were all living in Colorado at the time of the prior decree, although a move to Connecticut for the Mother was anticipated. The Mother thereafter moved to Connecticut. The Father then moved with the Child to Ohio. The Mother moved again, this time to be closer to the child in Ohio. These moves caused the child to have disruptions in her environment.

{¶7} The trial court also said that it was "in the best interest of the child to modify the allocation of parental rights and responsibilities to provide for the parents to have equal parenting time with the minor child. The court further finds that the benefits which will result from this modification will substantially outweigh any harm which may be caused by the change." The basis for this finding was that the mother and father live five

3

minutes apart, the Guardian ad Litem recommended additional time with appellee, and the court believed equal parenting time with both parents would benefit the child, agreeing with the Colorado court's view that equal parenting time benefitted the child. The court also said that modifying the plan to place the child "back under a plan where both of her parents share time with her will allow her to continue to thrive and will continue her close bond and relationship with both of her parents"

{¶8} The court modified the Colorado order to provide both parties with equal parenting time and joint decision making. In issuing this order, the court relied upon the Colorado order which placed high value on C.M.H. thriving under a plan with equal parenting time. The trial court in Ohio believed that placing the child "back under a plan where both of her parents share time with her will allow her to continue to thrive and will continue her close bond and relationship with both of her parents." Appellant objected to the magistrate's decision and the trial court overruled the objection and adopted the decision. Appellant timely filed the present appeal.

{¶9} Appellant's sole assignment of error states:

{¶10} "THE TRIAL COURT ERRED IN MODIFYING OR GRANTING THE SHARED PARENTING AGAINST THE FACTORS OF R.C. 3109.04."

{¶11} Appellant makes two arguments under this assignment. First, appellant argues that although the trial court contemplated the best interest of the child as required by R.C. 3109.04(E)(2)(b), the court nevertheless failed to properly analyze the best interest factors in R.C. 3109.04(F)(1)(a) through (j). Specifically, appellant claims that the trial court failed to consider appellee's continual attempts to undermine C.M.H.'s relation with appellant, appellant's wishes relative to shared parenting, and the child's adjustment

4

to home, school, and community. Second, appellant argues that the trial court improperly found that a change in circumstances had occurred which would allow the court to modify the shared parenting order.

{¶12} R.C. 3109.04(E)(1)(a) governs the reallocation of parental rights under a shared parenting decree and provides:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
>
> (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
>
> (ii) The child, with the consent of the residential parent or both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
>
> (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶13} "The statute sets forth a two-step process for deciding motions to modify child custody. The threshold issue/step is whether the circumstances of the child or the residential parent have changed." *Matter of G.M.*, 2017-Ohio-8144, 98 N.E.3d 795, at ¶ 19 (11th Dist.). If a change of circumstance has occurred, the second issue requires that modification of custody be in the best interest of the child. *Schiavone v. Antonelli*, 11th Dist. Trumbull No. 92-T-4794, 1993 WL 548034 * 3; *Matter of N.W.F.*, 2019-Ohio-3956,

5

147 N.E.3d 86, ¶ 18 (7th Dist.), *appeal not allowed sub nom. In re N.W.F*, 157 Ohio St.3d 1564, 2020-Ohio-313, 138 N.E.3d 1163. If both steps are answered in the affirmative, the court must determine that any harm resulting from modification in custody is outweighed by the advantages of modification. *Id.*

{¶14} In reviewing a trial court's modification of custody under R.C. 3109.04, the court applies an abuse of discretion standard. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). "An 'abuse of discretion' is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-208 [2009 WL 1177050], ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, 2014 WL 2881994, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' " *Raia*, at ¶ 9, quoting *Beechler* at ¶ 67.

{¶15} To determine whether a change in circumstances under R.C 3109.04 has occurred, a trial court is to be given "wide latitude in considering all the evidence before" it. *Davis v. Flickinger*, 77 Ohio St. 3d 415, 418, 674 N.E.2d 1159 (1997). "The clear intent of that statute is to spare children from a constant tug of war between their parents who

6

would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a 'better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'" *Id,* quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (1982).

{¶16} The "term 'change of circumstances' is not statutorily defined" by R.C. 3109.04. *Matter of G.M., supra*, at ¶ 19. In this case, appellant argues that moving a child to a different state, alone, does not constitute a sufficient basis for a change of circumstances under R.C. 3109.04. In support of this claim, appellant cites *Vincenzo v. Vincenzo*, 2 Ohio App.3d 307, 441 N.E.2d 1139 (11th Dist. 1982), *Clontz v. Clontz*, 12th Dist. Butler No. CA91-02-027, 1992 WL 44979, and *Schiavone v. Antonelli*, 11th Dist. Trumbull No. 92-T-4794, 1993 WL 548034. It is settled law in Ohio "that the relocation of the residential parent, in and of itself, does not constitute a change in circumstances as to support a motion for change of custody." *In re Seitz*, 11th Dist. Trumbull No. 2002-T-0097, 2003-Ohio-5218, ¶ 38. However, "a court may consider any attendant circumstances surrounding a residential parent's relocation that affect the child's welfare in determining whether a change in circumstances has occurred. *Id.*, citing *Green v. Green*, 11th Dist. Lake No. 96-L-145, 1998 WL 258434 at * 8 (Mar. 31, 1998).

{¶17} In each of the cases cited by appellant, the court analyzed whether a change in circumstances had occurred based on a move by the custodial parent alone. Relying upon this case law, appellant focuses exclusively upon whether there was evidence that the minor child suffered any adverse effect from either parent's move to Ohio.

7

Case No. 2021-T-0016

{¶18} However, this factor alone is not determinative. R.C. 3109.04(E)(1)(a) provides that a court may modify a prior decree by finding a change of circumstances "of the child, the child's residential parent, *or either of the parents subject to a shared parenting decree.*" (Emphasis added). It is not enough to only analyze the change in the child's circumstances as the language of the statute shows. In this case, the trial court concluded that the Colorado order was a shared parenting plan under Ohio's statutory scheme. Therefore, a change in the circumstances of either of the parents is sufficient under the statute. *Matter of B.H.H.*, 12th Dist. Clermont No. CA2016-10-069, 2017-Ohio-8359, 100 N.E.3d 33, ¶ 19. We find that appellee's move from Connecticut to a within five-minute drive of the child is a change of circumstances that satisfies this threshold question.

{¶19} Having determined that there was a change in circumstances, we now turn to whether the trial court correctly analyzed the factors in R.C. 3109.04(F) to determine the best interests of the child.

{¶20} The factors a court must consider in R.C. 3109.04(F)(1) include:

> (a) the wishes of the child's parents regarding the child's care; (b) the wishes or concerns of the child as expressed to the court; (c) the child's interaction and interrelationship with her parents and any other person who may significantly affect the child's best interest; (d) the child's adjustment to her home, school, and community; (e) the mental and physical health of all persons involved; (f) the parent more likely to honor and facilitate visitation and companionship rights approved by the court; (g) whether either parent has failed to make all child support payments; (h) whether either parent previously has been convicted of or pleaded guilty to any criminal offense; (i) whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court; and (j) whether either

8

parent has established a residence, or is planning to establish a residence, outside this state.

*Lindsey v. Lindsey*, 11th Dist. Geauga No. 2019-G-0201, 2019-Ohio-4923, *appeal not allowed*, 158 Ohio St.3d 1505, 2020-Ohio-2819, 144 N.E.3d 444, ¶ 25.

{¶21} The factors set listed in R.C. 3109.04(F)(2) include:

(a) the ability of the parents to cooperate and make decisions jointly, with respect to the children; (b) the ability of each parent to encourage the sharing of love, affection, and contact between the child and other parent; (c) the history of, or potential for, domestic abuse; (d) the geographic proximity of the parents to one another; and (e) the recommendation of the guardian ad litem.

*Id.* at ¶ 26.

{¶22} Appellant acknowledges that the trial court did consider all the relevant factors but challenges the court's analysis of three factors under R.C. 3109.04(F)(1). Appellant challenges the court's analysis as to factors (a) – the wishes of the child's parents regarding the child's care; (c) – the child's interaction and interrelationship with her parents and any other person who may significantly affect the child's best interest; and (d) – the child's adjustment to home, school, and community. Appellant also challenges the court's findings as to R.C. 3109.04(F)(2)(a) – the ability of the parents to cooperate and make decisions jointly with respect to the child. In this case, the trial court made specific findings as to each factor. The Court found that the benefits of modification would "substantially outweigh any harm which may be caused by the change."

{¶23} As to factor (a), the court noted that "while both parties are now indicating to the court they do not object to shared parenting, the parties do not agree on the parenting time schedule or on who should be designated the residential parent for school purposes." As to factor (c), the court stated that the "child appears to have a very positive

9

and strong bond with both the Mother and the Father." During trial, the GAL testified that the child "would be lucky to have two parents who are trying so hard to help her learn." As to factor (d), the court observed that the child is comfortable in both parents' homes, that she enjoys school and had just finished kindergarten, and that both parents live near each other and within the same community.

{¶24} Finally, as to R.C. 3109.04(F)(2)(a), the trial court found that the parents did have the ability to cooperate and make decisions jointly. Although the court acknowledged that the parties did have disagreements, the court found that the parties "have cooperated in scheduling parenting time, including agreeing upon schedules that are different than the existing order. They also communicate about the child's needs and the schedule."

{¶25} Considering the foregoing findings by the trial court, we decline to find that the court abused its discretion in modifying the allocation of parenting time.

{¶26} Accordingly, appellants assignment of error is without merit.

{¶27} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Juvenile Division is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

Case No. 2021-T-0016